## Parks' Ex'rs v. Parks et al.

April 25, 1941.

C. C. Bagby, E. C. Newlin and Chenault Huguely for appellants.

Henry Jackson and Nelson D. Rodes for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

On May 2, 1924, a deed was executed by John J. Rice and his wife conveying a lot in the city of Danville. In the caption of the deed Gertrude Noel Parks and Thomas J. Parks were named as parties of the second part. The consideration was a cash payment and a lien note for $1,000 executed by the second parties. The granting clause of the deed was as follows:

"The said John J. Rice and Elizabeth Brown Rice, his wife, have this day bargained and sold and do by these presents alien, transfer and convey unto Gertrude Noel Parks the following described lot of land situated on the East side of St. Mildred's Court, between Main and Lexington Streets in the City of Danville, Boyle County, Kentucky."

And the habendum clause was:

"To have and to hold the above described lot of land with all and singular the appurtenances thereunto belonging and unto the said Gertrude Noel Parks, her heirs and assigns forever, with Covenant of General Warranty of title thereto."

The $1,000 note was paid and the lien released of record.

A residence was erected on the lot and on January 15, 1925, the appellee and her husband executed a mortgage on the house and lot to secure a note for $6,000 executed by appellee and her husband to a bank. The proceeds of this loan were used to pay the balance due for construction of the residence.

On April 13, 1926, appellee and her husband executed a second mortgage on the property to secure a note of $5,000 executed by her and her husband to the same bank. The proceeds of this note were used by appellee's husband and she did not receive the benefit of any part thereof. In addition to the second mortgage, the $5,000 note was also secured by an assignment to the bank of life insurance policies on the life of appellee's

husband aggregating a face amount of $15,000. Some of these policies were payable to the Parks estate and in some of them appellee was the beneficiary.. Mr. Parks died in July, 1938, and at the time of his death the $5,000 note had been reduced to $3,560.67 but only the interest had been paid on the $6,000 note secured by the first mortgage.

In this action for the settlement of the estate of J. T. Parks it was adjudged that appellee was the owner in fee simple of the house and lot and that the balance due on the $5,000 second mortgage note should be paid out of the proceeds of the life insurance policies payable to the estate, which had been collected by the executors of Mr. Parks. From that judgment the creditors of J. T. Parks prosecute this appeal.

It is first contended that the deed from Rice and wife conveyed title to appellee and her husband jointly. The argument is that as both appellee and her husband were named as parties of the second part in the caption of the deed the deed is ambiguous and should therefore be construed as vesting the title jointly in the second parties. We see no ambiguity in the deed since both the granting clause and the habendum clause show beyond any question that the intention was to vest title only in appellee. It is apparent that the only reason the name of J. T. Parks was put in the caption as a second party was that a lien note was being executed by him and by appellee. The form and language of the deed are such as to leave no question whatever but that title was vested in appellee alone. Practically the same situation existed in Clark v. Northern Coal Co., 112 S. W. 629, 33 Ky. Law Rep. 1047, and in Loughridge v. Ball, 118 S. W. 321 and the deeds in these cases were held to vest fee simple title in the wife alone.

It is next argued that the transaction by which the property was conveyed to appellee and a $6,000 mortgage placed thereon amounted to nothing more than an incompleted gift which was revoked by the death of the donor, J. T. Parks, since the gift was not completed until the property was paid for. We find an utter lack of merit in this argument. When the deed was executed the fee simple title was thereby irrevocably vested in appellee. Thereafter the $1,000 lien note was paid off and when the $6,000 mortgage was executed appellee was the fee simple owner of the property subject to the payment

of this mortgage. It is further argued that the appellee did not accept the so-called gift by assuming the indebtedness represented by the $6,000 note and that she never accepted it until she filed her cross petition in this action. This argument is far fetched since she accepted the gift when the property was conveyed to her and when she executed the $6,000 note she then bound herself for the payment thereof.

It is finally contended that when the $5,000 mortgage note was executed the creditors of Mr. Parks had the right to assume that the indebtedness secured by the mortgage would be paid out of the proceeds of sale of the mortgaged property and that therefore it would be inequitable not to require this to be done. In this contention also we fail to see any merit. The proceeds of this $5,000 loan were used by appellee's husband and she received no benefit therefrom. As to this note she was merely a surety of her husband. She became surety in the only manner in which she could legally do so, that is, by executing a mortgage on her property, since under Kentucky Statutes, Section 2127, a married woman may become surety only in this manner. Since she was merely surety on this $5,000 note of her husband she had a right to require that note to be paid out of his estate even though the insurance policies had not been pledged by the husband to secure the note. All the more does she have this right where her husband did pledge these policies to secure the very note which she signed merely as surety.

Judgment affirmed.