## Vaughan's Admr. v. Modern Brotherhood of America.

(Decided October 2, 1912.)

### Appeal from Lincoln Circuit Court.

1. Insurance, Fraternal—By-laws—Change of Beneficiary.—Where under by-laws of the order the member has the right to change the beneficiary, the latter's rights are subject to be defeated by a change properly made.

2. Same—When Change of Beneficiary Will Be Upheld.—Where the member has done all that is required of him under the by-law to change the beneficiary, and the order will not be affected, the change of beneficiary will be upheld, though a new certificate had not been issued and the by-law provided that the change should not be made until this was done.

C. C. BAGBY for appellant.

K. S. ALCORN, H. S. ROBINSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Frank Vaughan was a member of the Moreland Lodge
of the Modern Brotherhood of America and there was
issued to him on August 13, 1909, a certificate insuring
his life in the sum of one thousand ($1,000) dollars for
the benefit of his wife, Mollie C. Vaughan. Some months
after this she died without issue. Thereafter, on Feb-
ruary 19, 1911, Frank Vaughan died. After his death
a dispute arose between the kindred of Mrs. Vaughan
and his kindred as to who was entitled to the thousand
dollars insurance. The society paid the thousand dol-
lars into court and called upon the claimants to assert
their claims to it. On a final hearing of the action the
court refused to adjudge the fund to the administrator
of Mollie Vaughan. From this judgment he appeals.

Section 655, Ky. Statutes provides as follows:

"When a policy of insurance is effected by any per-
son on his own life, or on another life in favor of some
person other than himself, having an insurable interest
therein, the lawful beneficiary thereof, other than him-
self or his legal representatives, shall be entitled to its
proceeds against the creditors and representatives of the
person effecting the same."

Under this statute we have held, in several cases
similar to this, where the insured made no change in the
beneficiary, that the personal representative of the bene-
ficiary, where she died before the insured was entitled to
the fund in preference to his personal representative.
(Hall v. Ayres, 32 R. 291; Neal v. Shirley, 137 Ky., 818;
Buckler v. Supreme Council, 143 Ky., 618.)

The Modern Brotherhood of America is a fraternal
association transacting the business of life insurance
upon the co-operative or assessment plan and under sec-
tion 670 of Kentucky Statutes Frank Vaughan had the
power to change the beneficiary.

That section provides:

"Membership in any corporation, association or so-
ciety transacting the business of life or casualty insur-
ance, or both, upon the co-operative or assessment plan,
shall give to any member thereof the right, at any time,
with the consent of such corporation, association or so-
ciety, to make a change in his payee or payees, beneficiary

or beneficiaries, without requiring the consent of such payee or beneficiaries.''

Sections 130 and 131 of the company's by-laws are as follows:

''Sec. 130. Benefit certificates shall be made payable only to the husband, wife, relative, legal representative, heir or legatee of the member or to such others as may hereafter be provided by the laws of the State of Iowa.

''Sec. 131. Should a member in good standing desire to change his beneficiary or beneficiaries, such member shall deliver to the secretary of the subordinate lodge of which he is a member, his benefit certificate, with the surrender clause on the back thereof properly executed, designating therein the change desired, and the name of the person, or persons, substituted as beneficiary, or beneficiaries, together with a fee of fifty cents. The execution of said surrender clause shall be in presnce of and attested by said subordinate lodge secretary. Provided however, that if the matter be so situated that he can not execute said surrender clause in the presence of said secretary, the signature of the member thereto must be attested by the jurat of some person authorized to administer oaths. Said benefit certificate, with said fee of fifty cents, shall then be sent to the Supreme Secretary, who shall thereupon issue a new benefit certificate payable to the beneficiary or beneficiaries, named in said surrender clause. No change of beneficiary shall be effective until the old benefit certificate, and said fee of fifty cents, shall have been delivered to the Supreme Secretary, and a new benefit certificate issued during the life time of the member. Provided further, that all beneficiaries designated shall be within the class mentioned in section 130 of this chapter.''

On February 6, 1911, or about two weeks before his death, Frank Vaughan signed and delivered to the secretary of the Moreland Lodge the following writing:

''Moreland Lodge No. 2548 M. B. A., Feb. 6, 1911:

''I, Frank Vaughan being the same person to whom this certificate was issued, hereby authorize the Board of Directors to cancel this certificate and issue, in lieu thereof a certificate for one thousand dollars payable to my estate . . . . . . . . . . . . . . . . . . . . . . . . . who . . . . . . . . . . . . . . . . . . . . . . . . . related to me a . . . . . . . . . . . . . . I hereby declare, in the presence of the witnesses whose names are attached hereto, that I have complied with the by-laws,

rules and regulations of said society. Witness G. B. Pruett, Lodge Secretary. Frank Vaughan.''

He, at that time, paid the secretary the fee of fifty cents. The secretary sent the paper on to the Supreme Secretary, but before any further action was taken Vaughan died. He did all that was required of him. In Manning v. A. O. U. W., 86 Ky., 136, the member insured wrote to the financier of the lodge in substance to send him his policy made out to his wife, but before anything further was done he was killed. In that case another beneficiary was designated in the certificate and the member wished to make his wife the beneficiary. The by-laws of the order were practically the same as those above quoted but it was held that the provision that no change should be valid until reported to the Supreme Recorder and a new certificate issued, was for the benefit of the society and that the wife was entitled to the insurance. Other authorities are referred to in that opinion. In Lockett v. Lockett, 26 R., 300, a similar ruling was made on facts not so strong as in the case before us.

Here, the lodge made no question as to the change of beneficiary and paid the fund into court. The question arises simply between the two claimants. It is insisted, however, that the designation of his estate is not sufficient under the by-laws of the society. The by-laws permit the benefit certificate to be made payable to the legal representative, heir or legatee of the member. When he directed the benefit to be paid to his estate this was in effect a direction that it should be paid to his personal representative; for the personal representative takes the title to the personal estate and is the proper person to collect all choses in action. We, therefore, conclude that Frank Vaughan made a change in the beneficiary in his life time, in acordance with the statute and by-laws of the order, and that the circuit court properly adjudged that the personal representative of Mollie C. Vaughan was entitled to no part of the fund. He is the only person complaining on this appeal and he was in no wise prejudiced by the judgment.

Judgment affirmed.