## Daugherty v. Daugherty, et al.

(Decided March 12, 1913.)

### Appeal from Campbell Circuit Court.

1.   Insurance, Life—Change of Beneficiary in Policy—Fraud and Undue Influence—Pleading.—Where a widow alleged in her petition that her husband had through the fraud and undue influence of his mother, and for the purpose of defrauding her of her marital rights, changed the beneficiary of the policy by substituting his mother's name for that of his wife, the petition stated a cause of action against the mother.

2. **Insurance, Life—Change in Beneficiary in Policy—Fraud—What Not a Defense to.**—It is no defense to a charge of fraud in changing the beneficiary of a life insurance policy, that the insured had the right to make the change, and that he did so under an agreement that the proceeds were to be held by the substituted beneficiary for the benefit of the insured's infant son.

MATT HEROLD for appellant.

S. E. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

By its policy dated December 15, 1908, the Metropolitan Life Insurance Co. insured the life of Walter T. Daugherty, an unmarried man, for $1,000.00. The policy was payable to Fannie Daugherty, his mother, and contained the usual provision permitting the insured to designate a new beneficiary by filing a written notice thereof at the Home Office of the company, such change to take effect upon the endorsement of the change on the policy by the company.

Walter Daugherty married appellant, Norma Daugherty, on April 16, 1910, and in compliance with his request, the company made an endorsement upon the policy on December 28, 1910, making Norma Daugherty, the wife of the insured, beneficiary in place of Fannie Daugherty, his mother.

In July, 1911, Walter Daugherty became permanently ill, and he and his wife and infant child went to life with his mother. He died there on March 12, 1912.

On February 28, twelve days before his death, he signed a paper directing the company to again change the policy so as to make his mother, Fannie Daugherty, the beneficiary in place of his wife, Norma Daugherty; but the paper being insufficient in form, the company returned it to him, with a proper paper for him to sign. He signed the new paper on March 8, two days before his death, and forwarded it to the company, which made an endorsement upon the policy on March 15, 1912, three days after Walter's death, naming Fannie Daugherty, his mother, as beneficiary in place of Norma Daugherty, his wife.

On March 21, 1912, Norma Daugherty, the widow, brought this action against Fannie Daugherty, her mother-in-law, and the insurance company, to recover the $1,000.00 called for by the policy, alleging that while

Walter Daugherty was sick, and in contemplation of his death, and in fraud of her marital rights, and for the purpose of depriving her of any benefit in his estate, and while he was under the control and influence of his mother, and through her fraud, he revoked the designation of plaintiff as the beneficiary under said policy, and substituted the name of his mother therefor.

The insurance company answered, admitting its liability, and offering to pay the money to whomsoever the court might direct it to be paid. A demurrer to the petition as amended was overruled, upon the authority of Gaines v. Gaines, 30 Ky. L. R., 710, 99 S. W., 600. The answer of Fannie Daugherty, the mother, is in one paragraph; and, after traversing the allegations of the petition, it alleges that her son made her the beneficiary under an agreement which was reduced to writing, by which she was to pay his physician and funeral bills, and other just debts, and use any surplus remaining for the support and maintenance of Walter Daugherty's infant son. The answer contains other immaterial matters, which it is not necessary to notice. After a demurrer to the answer had been overruled, the defendant filed a second demurrer to the petition, which was sustained; and, the plaintiff having declined to further plead, her petition was dismissed, and she appeals.

Appellee contends that where the policy provides the insured may change the beneficiary, the beneficiary has no present vested interest in the policy, and that the widow in this case cannot, therefore, successfully attack the change of beneficiaries as a fraud upon her marital rights.

Appellee further contends that as the policy was never payable to Walter Daugherty, or to his estate, it was not a part of his estate at the time of his death, and that his widow therefore had no interest whatever in the proceeds of the policy.

On the other hand, appellant insists that if this rule be sound, it is applicable only to policies issued by fraternal orders, where there is no cash surrender value, and that it does not apply to a case like this, where the insurer is not a fraternal organization, and the payment of the benefits stipulated in the policy are not dependent upon the collection of dues or assessments, but is absolute upon the happening of the event set forth in the policy.

The fact that the last change of the beneficiary from Norma Daugherty to Fannie Daugherty was not actually

made until after the death of Walter Daugherty cannot affect the rights between the widow and the mother, since the requirement relating to the change of beneficiary was made for the benefit of the company, and it is not complaining. Neither does the character of the company, whether it be a fraternal organization collecting dues or assessments, or an old line company collecting a fixed premium, affect appellant's rights. Hahn v. Supreme Lodge of Pathfinder, 136 Ky., 828, is not inconsistent with this view. The policy was payable to appellant; and, if Walter Daugherty, in exercising the right given him by the policy, changed the beneficiary so as to take the benefit of the policy from appellant and give it to his mother, by means of fraud or undue influence practiced by the latter, then the appellant had a cause of action for the fraud practiced upon her. Bickel v. Bickel, 25 Ky. L. R., 1945, 79 S. W., 215; Gaines v. Gaines, 30 Ky. L. R., 710, 99 S. W., 600.

In sustaining the second demurrer to the petition the circuit judge was clearly in error. The fact that Walter Daugherty had the right to do what he did is not the question in issue; that question is, was the act procured by fraud or undue influence?

The demurrer to the answer was properly overruled, since the answer is in a single paragraph, and contains a traverse of the charge of fraud. But, as the only issue to be tried was that of fraud, all that portion of the answer after the traverse is merely evidential, and should have been stricken out. If the change in the beneficiary was procured by fraud, the right of the insured to make the change, or the promise of the new beneficiary to hold the proceeds of the policy in trust, cannot defeat the action, since the fraud, if it existed, annulled the act by which the alleged trust was created.

Judgment reversed and cause remanded, with instructions to overrule the demurrer to the petition as amended, and for further proceedings consistent with this opinion.