## Metropolitan Life Insurance Company v. William Brown's Administrator.

(Decided December 6, 1927.)

### Appeal from Harlan Circuit Court.

1. Wills.—Attempt by minor to dispose of proceeds of group insurance policy by will was ineffective under Ky. Stats., sec. 4826, prohibiting wills by persons under 21, with certain exceptions, even if insurance could be held to be part of minor's estate.
2. Insurance.—Attempted testamentary disposition of minor employee of proceeds of group insurance policy on his life, ineffective as will under Ky. Stats., sec. 4826, was not effective as assignment of insurance, where group policy provided that no assignment by any employee of insurance thereunder should be valid.

3.  Insurance.—Provision in group policy, taken out by employer, covering lives of employees, that no assignment by any employee of insurance thereunder should be valid, was reasonable and valid stipulation.

4.  Insurance.—Where policy prescribes and regulates method of changing beneficiaries, attempt to make such change in any other manner is ineffectual.

5.  Insurance.—Under group policy covering lives of employees and requiring company's indorsement to make change of beneficiary effective, attempted testamentary disposition by minor of proceeds of policy, ineffective as will under Ky. Stats., sec. 4826, could not operate as change of beneficiary.

B. B. SNYDER for appellants.

LEE & SNYDER for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

The Perkins-Harlan Coal Company carried group insurance on the lives of its employees. William Brown had been its employee long enough to be entitled to insurance, and there had been issued and delivered to him a certificate to the effect that he was insured to the amount of $500 subject to the terms and conditions of the group policy held by the coal company. He selected and his certificate of insurance designated his grandmother, appellant Annie Brown, as the beneficiary. He subsequently married appellee Rhoda Brown and continued to work for the coal company until the date of his death. The group policy issued to and held by the coal company and the certificate of insurance issued to and held by William Brown both provided that the right to change the beneficiary was reserved. Before his death insured executed a last will and testament by which he devised this insurance to his wife. He was only 19 years of age at the time of his death. After his death a controversy arose between his surviving widow and his grandmother as to whether the one or the other was entitled to the insurance. The insurance company acknowledged its liability and paid the $500 into court for disposition in accordance with the judgment of the court. The pleadings made the issue between the grandmother, appellant Annie Brown, and the surviving widow, appellee Rhoda Brown, and the trial court, upon submission under the above agreed state of facts, adjudged the surviving widow, appellee Rhoda

Brown, was entitled to the insurance. Appellant, the grandmother, prosecutes this appeal from that judgment.

Section 4826, Kentucky Statutes, provides:

> "No person under 21 years of age can make any will, except in pursuance of a power specifically given to that effect, and except, also, that a father, though under 21 years of age, may appoint by will a guardian to his child."

Under this statute, due to the fact that he was under 21 years of age, the attempt by William Brown to dispose of the proceeds of this insurance policy, if it could be held to be his estate, was ineffective for the purpose because prohibited. Appellee insists, however, and the trial court seems to have concluded, that the will, although ineffective as such, was effective as an assignment of the insurance to the wife of insured and effected a change of beneficiary. Lockett v. Lockett, 80 S. W. 1152, 26 Ky. Law. Rep. 300, is relied upon largely by appellee as sustaining the judgment herein. In that case the insurance upon the life of the insured was in a benevolent assessment company, the Woodmen of the World. The father of insured was designated in the policy as the beneficiary. After the insurance was effected insured married. After that time insured, in the presence of his father, the designated beneficiary, delivered the policy to his wife and declared to her in the presence of his father and others that the insurance was for her benefit and that he gave it to her. She received the policy and kept it until after the death of the insured. The right of an insured to assign his insurance was there discussed at length, and in consonance with the principles of law governing assignments of choses in action it was held that what was there done amounted to an assignment of the insurance, which effected a change of beneficiary. The Lockett case is by far the strongest opinion supporting the contentions of appellee and the judgment of the trial court herein.

The group policy contained this provision: "No assignment by any employee of the insurance under this policy shall be valid." The certificate of insurance issued and delivered to insured contained this stipulation: "No assignment by any employee of his insurance under the policy referred to in the foregoing certificate shall be valid." The chief reason the coal company had for effecting and keeping paid the cost of this insurance for its

employees was that they might thereby be induced to continue in its service. Such tendency as the insurance had to that end would be destroyed completely by the assignment of the policy and its benefits. Hence the stipulation against assignment of the insurance was wholly reasonable and must be upheld. This provision of the contract of insurance seems effectively to close the door to relief for appellee under the principles of the Lockett case, supra, and those cited by counsel for appellee which have followed it. The contract expressly provided that this insured could not assign his insurance.

The group policy contained this provision:

"Any employee while insured hereunder may, from time to time, change the beneficiary by filing written notice thereof at the home office of the company, accompanied by the certificate covering the insurance hereunder on such employee. Such change shall take effect upon indorsement covering the change by the company on such certificate, and not before."

The certificate of insurance delivered to insured contained this clause:

"In the event of the death of the insured from any cause at any time or place while in the service of the Perkins-Harlan Coal Company and during the continuance of this certificate of group insurance, the amount of insurance then in force upon the life of the insured will be payable to the beneficiary named, if alive; if not, to the estate of the insured as provided in the application, but said beneficiary can be changed at any time by the insured, such change to take effect upon receipt of the request at the home office of the Metropolitan Life Insurance Company."

These provisions of the contract of insurance set forth the plan by which the reserved right to change the beneficiary might be made effective. The general rule, supported by the great weight of authority, is that where the policy prescribes and regulates the method of changing beneficiaries, any attempt to make such change in any other manner is ineffectual. 14 R. C. L. 1390, sec. 555; McLaughlin v. McLaughlin, 104 Cal. 171, 37 P. 865, 43 Am. St. Rep. 83; Courtois v. Grand Lodge, etc., 135 Cal. 552, 67 P. 970, 87 Am. St. Rep. 137; Rollins v. McHatton,

16 Colo. 203, 27 P. 254, 25 Am. St. Rep. 260, and note; Ellis v. Fidelity, etc., Co. of New York, 163 Iowa 713, 144 N. W. 574, L. R. A. 1915A, 109; Ancient Order of Gleaners v. Bury, 165 Mich. 1, 130 N. W. 191, 34 L. R. A. (N. S.) 277; Knights of Maccabees of World v. Sackett, 34 Mont. 357, 86 P. 423, 115 Am. St. Rep. 532; Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61, 27 Am. St. Rep. 582; Independent Order of Foresters v. Keliher, 36 Or. 501, 59 P. 324, 1109, 60 P. 563, 78 Am. St. Rep. 785; Deal v. Deal, 87 S. C. 395, 69 S. E. 886, Ann. Cas. 1912B, 1142, and note. Notes 19 Am St. Rep. 790; 5 L. R. A. 96; L. R. A. 1915A, 581; Ann. Cas. 1914D, 1128.

The contract of insurance now in question having provided a particular method by which the beneficiary might be changed, which did not contemplate that that could be done by insured making a will, it would seem to be impossible to conclude, even if insured were of that age at which under our statutes he could make a valid will, that he could by will change the beneficiary. If the contract of insurance had provided that insured could change the beneficiary by will, there would be some substance to appellee's contention that though he was under 21 years of age he could validly dispose of this insurance by will under the first exception noted in section 4826, supra, Kentucky Statutes—that is, that he had made this will in pursuance of a power specifically given to that effect. Since the contract of insurance did not so provide, however, but provided another altogether different method by which a change of beneficiary of the insurance might be effected, it cannot be said that the will of this infant which undertook to dispose of his insurance was made pursuant to a specific power so to do.

The court is constrained to the view that for the reasons indicated the effort of insured to change the beneficiary of his insurance by attempting to devise it to his wife was ineffectual for the purpose. Under the agreed facts hereof the trial court erred in not awarding the proceeds of this insurance to Annie Brown, the grandmother of insured, who was named as its beneficiary by his insurance contract.

Reversed and remanded for a judgment consistent herewith.