## Pikeville Nat. Bank & Trust Co. v. Shirley.

Nov. 8, 1939.

Andrew E. Auxier for appellant.

William J. Baird for appellee.

William J. Baird amicus curiæ in behalf of creditors of W. W. Gray, bankrupt.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

In 1912 the Equitable Life Assurance Society of the United States issued to Eugene Everett Gray a life policy for $2,000 payable to his executors, administrators or assigns with right reserved on the part of insured to change the beneficiary.

The provision in the policy relating to right to change the beneficiary reads:

"If the right to change the beneficiary has been reserved, and there is no written assignment of this policy on file with the Society, the Insured may from time to time during its continuance, change the beneficiary or beneficiaries by a written request, upon the Society's blank, filed at its home office but such change shall take effect only upon the endorsement of same hereon by the Society."

A provision relating to assignment of the policy reads:

"No assignment of this policy shall be binding upon the Society unless in writing and until filed at its home office. The Society assumes no responsibility for the validity of any assignment."

The policy was numbered 1,744,073.

On January 10, 1939, the insured wrote the insurer a letter which, omitting formal parts and signature, reads:

"My paid up policy No. 1,744,073. It is my wish that my sister, Clara G. Shirley of Greenwood, Virginia, be made beneficiary instead of my executors, administrators or assigns, as when the policy was issued. You can advise me at the above address."

On March 29, 1939, the Pikeville National Bank & Trust Company, administrators of the estate, instituted this action against Clara G. Shirley under the Declaratory Judgment Law, Civil Code of Practice, Section

160

639a—1 et seq., asking for the determination of rights between the parties and the determination of the controversy that had arisen between them as to whether Clara G. Shirley was entitled to the proceeds of the policy or whether same constituted assets of the estate of insured.

As appears from the allegations of the petition and exhibits filed therewith, the insurer received the above quoted letter on January 12, 1939. About the same time that insured wrote the letter he attached to the policy a memorandum in his own handwriting which was neither dated or signed, reading, "the beneficiary of this policy is changed to Clara G. Shirley, Greenwood, Virginia."

Insured died by his own hands on the night of January 13. He did not mail the policy to insurer to have the change in the beneficiary endorsed thereon, but retained same in his own possession until the time of his death.

On January 16, the insurer wrote insured a letter which it addressed to him at the address given in his letter and enclosed its regular and customary form used in cases of change of beneficiary of its policy and printed form of instructions with request that the application and policy be returned to the insurer so the change of beneficiary as requested by the insured's letter might be endorsed on the policy as therein provided. This letter when received at Huntington, West Virginia, the address given, was forwarded to Pikeville and was there delivered to the administrator of insured. The petition attempts to set out all the facts pertinent and necessary to a determination of the rights of the parties, all of which were admitted by answer. The facts as thus revealed by the record but which are unnecessary to further enumerate clearly indicate that insured contemplated early demise by suicide. By agreement of parties proof was made out by them and presented to insurer and the proceeds of the policy paid to them and deposited in a special fund to await the determination of the court with respect to the proper distribution thereof.

By agreement the cause was submitted to the court on the law and facts and it was adjudged that the above quoted letter and the unsigned memorandum attached to the policy were sufficient to and did effectuate a change of beneficiary and had the effect of making Clara G. Shirley the beneficiary and entitled to the proceeds thereof; that the requirement of the policy relating to

the change of beneficiary was made for the benefit of the insurer which was not complaining but had voluntarily paid the proceeds of the policy to the parties jointly; that Clara G. Shirley was the owner of the proceeds of the policy and entitled to receive same from the administrator and the administrator was directed to pay same to her. The administrator is appealing.

The only question presented for decision is whether in the circumstances shown the letter from insured to insurer requesting that the change of beneficiary in the policy be made and the unsigned memorandum attached to the policy by insured were sufficient to effect the change and make Clara G. Shirley beneficiary of the policy.

The undisputed facts as shown by the record reveal beyond all doubt that it was the desire and intention of insured that his sister Clara G. Shirley be made beneficiary of the policy, and that in the circumstances his desire that she should have the proceeds of the policy was a natural one. In cases of this character, this court along with courts of many other states has adopted and followed what is known as the "substantial compliance rule" in effecting change of beneficiary and decisions will reveal that this court has been very liberal in that particular. Daugherty v. Daugherty, 152 Ky. 732, 154 S. W. 9; Manning v. Ancient Order of United Workmen, 86 Ky. 136, 5 S. W. 385, 9 Ky. Law Rep. 428, 9 Am. St. Rep. 270; Twyman v. Twyman, 201 Ky. 102, 255 S. W. 1031; Metropolitan Life Insurance Company v. Brown's Adm'r, 222 Ky. 211, 300 S. W. 599; Hoskins v. Hoskins, 231 Ky. 5, 20 S. W. (2d) 1029; Vaughan's Adm'r v. Modern Brotherhood of America, 149 Ky. 587, 149 S. W. 937; Lockett v. Lockett, 80 S. W. 1152, 26 Ky. Law Rep. 300; Farley v. First National Bank, 250 Ky. 150, 61 S. W. (2d) 1059; Inter-Southern Life Insurance Company v. Cochran, 259 Ky. 677, 83 S. W. (2d) 11; Embry's Adm'r v. Harris, 107 Ky. 61, 52 S. W. 958; Thompson's Ex'x v. Thompson, 190 Ky. 3, 226 S. W. 350 and cases cited in those opinions.

As we view the matter the case of Farley v. First National Bank, supra, is directly in point and conclusive. In that case the provision in the policy with respect to change in beneficiary was in all material respects identical with the one under consideration here. In order to effect a change in beneficiary from his estate to his chil-

dren, the insured wrote a letter to the company which he sent to its state agent in Louisville which reads:

"Please change the beneficiary to policy No. 5440624, from my estate to my children * * * sons and daughters. * * *"

The policy did not accompany the letter and the change of beneficiary was not endorsed thereon. The insured was permitted to pay the proceeds of the policy into court to await determination of the litigation. In affirming the judgment of the lower court holding that a change in beneficiary from the estate of insured to his children was effected, the court after recitation of the facts said:

"The policy did not accompany the letter, and the change of beneficiary was never indorsed thereon, but it is well settled that, although the policy of insurance provides that the beneficiary cannot be changed except by the surrender of the policy, yet, if the insured is unable to comply literally with the requirements, an attempted change will be recognized as a valid one, where it appears that the insured has done all that he could do to comply with the requirements. He will not be compelled to perform impossibilities. The provision requiring the return of the policy to the insurer and the indorsement thereon of the change of beneficiary is intended only for the benefit of the insurer, and may be waived by it; and, where all that remain to be done are merely ministerial acts of the officers and agents of the insurer, the change will take effect though the formal details were not completed before the death of the insured. [Citing authorities.]"

A review of the cases referred to in the Farley case, and other cases hereinbefore cited, will reveal that they and other opinions of this court to which they refer are in strict harmony with the holding in the Farley case, hence we deem further recitation and elaboration unnecessary.

Judgment affirmed.

Whole Court sitting.