## Parks' Ex'rs et al. v. Parks et al.

Nov. 25, 1941.

436

E. C. Newlin, C. C. Bagby and Chenault Huguely for appellants.

Henry Jackson and Nelson D. Rodes for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The question for decision is whether a person whose life is insured in favor of a named beneficiary, subject to revocation or change in accordance with the terms of the policy, may effectually direct by will that the proceeds be paid to his executors. The circuit court adjudged that he can not. This appeal is prosecuted by the executors and creditors against the decedent's widow and children. The insurance companies are also made parties appellee.

This is the third appeal from a judgment rendered in a suit to settle the estate of James T. Parks. He died insolvent in a large degree unless the proceeds of his life insurance all be subjected to the payment of his debts. See Parks' Executors v. Parks, 286 Ky. 233, 150

S. W. (2d) 687; Parks v. Parks' Executors, 288 Ky. 350, 155 S. W. (2d) 90. We held in the latter case that the decedent's creditors are entitled to recover the amount of premiums paid during the last five years on life insurance in favor of his wife and children.

When Parks died in July, 1938, he had in force life insurance aggregating $60,775, payable to his widow or children, or both, and $15,000 payable to his estate. His will executed in 1930, after directing the payment of his debts and funeral expenses, reads as follows:

"I have insurance on my life in the sum of $70,500. In all these policies I have the right to change the beneficiaries without the consent of the beneficiaries named therein. One of my policies for the sum of $3,000 in the Northwestern Mutual Life Insurance Company is for the benefit of my daughter, Nevelyn. I now confirm that provision and will and direct that the proceeds of that policy shall be the property of my said daughter, to be paid to her or her guardian, if she is a minor at the time of my death.

"As to all the residue of my life insurance, including that now in force or any that hereafter may be in force at the time of my death, I do now change the beneficiaries named therein, and do will that all of my said life insurance shall be payable to my estate and to my executors, and this shall include any accident insurance that might be payable in case of my accidental death; this disposition of and provision as to my life and accident insurance shall be as conclusive, effective and binding upon the company or companies with which I am insured as fully and as effectively as if I had, prior to my death, made and filed with each of them and they had accepted formal assignments or instruments changing the beneficiaries and carrying out the provisions of my will as herein made, so that all of said life and accident insurance shall be paid to my estate and my executors at my death.

"All of my said life and accident insurance (except the $3,000 policy for Nevelyn) shall become and be treated as a part of my estate and shall be paid to my executors and shall be disposed of by them as hereinafter provided, as follows."

Some of the policies provided that the insured could designate a new beneficiary "by filing written notice thereof at the Home Office and such change shall take place upon such filing and not before." Other policies stipulated:

"No such designation, revocation, change or direction shall be effective unless duly made in writing and filed at the Home office of the Company (accompanied by this Policy for suitable endorsement) prior to or at the time this Policy shall become payable."

One policy provided:

"Every change of beneficiary must be made by written direction of the insured and by irrevocably designated beneficiary, and filed with the Company at its Head Office, accompanied by this policy, and the Company shall be charged with notice of such change only when endorsed on this policy by the Company."

The insurance companies, by answers, gave the history of each policy and the amount due thereon. They stated in effect that they held the proceeds subject to the orders of the court.

The appellants' pleadings raised issues of law in respect to several contentions, all of which were held inapplicable by the circuit court. Their argument here that the insured could by will effectually exercise his reserved right to change the beneficiary and dispose of the proceeds of the policies notwithstanding the conditions of the policies, may be thus closely abridged: A policy of life insurance is a chose in action which is property that may be disposed of by will; the designation of a specific beneficiary is only an instruction to the insurer of the insured's then desire as to its payment, and the method prescribed for changing the beneficiary is but a form agreed upon for the benefit and protection of the insurance company which can be waived by it. The named beneficiary has only an expectancy, assimilated closely to the expectation of a legatee, and he has no vested right in the insurance; the insured owes him no duty, and his retained control over the disposition of the proceeds is complete. The provision as to the method to be used adds nothing to the expectancy. The beneficiary named in the policy cannot take advantage of its

terms which were never intended by either the insurer or the insured to create any right in the person designated to receive the proceeds. A substantial compliance with the formalities prescribed for changing the beneficiary is sufficient if the company's interests are protected. In the instant case (a) the intention of the insured to have the change made and to dispose of the proceeds in the manner directed in his will is manifested by his having done so and having preserved the instrument as written for eight years until his death; (b) the insurance companies are protected; and (c) as a matter of law and of fact they have waived their right to insist upon a compliance with the terms of the contracts in this respect by having failed to assert the same. It is further contended that if the proceeds are payable to the named beneficiaries the sum is impressed with a trust for the benefit of the creditors and otherwise in accordance with the will.

Appellants' thesis is in the main supported by the authorities. But not all is applicable. The argument loses its plausibility and the conclusion its force in the consideration of the particular facts to which the propositions of law have been applied and of the particular facts of this case.

It is agreed that as the privilege to revoke or change the beneficiaries originally or subsequently named was reserved in all these policies, they had no vested right and the insured owed them no obligation as a matter of law not to exercise his reserved power and privilege. Hoskins v. Hoskins, 231 Ky. 5, 20 S. W. (2d) 1029; United States Trust Company v. Winchester, 277 Ky. 434, 126 S. W. (2d) 814. However, calling the right of a beneficiary as only an expectancy is not altogether accurate. Technically, it may be regarded as something more. It is a right subject to be defeated by the exercise of the reserved power or the lapsing of the policy. Couch, Cyc. of Ins. Law, Section 308; 29 Am. Jur., Insurance, Sections 1276, 1315. As stated in Martinelli v. Cometti, 133 Misc. 810, 234 N. Y. S. 389, 391:

"There is no question that an existing beneficiary in the policy of insurance is protected until the conditions imposed by the contract are complied with."

It is agreed that the prescribed mode for making the change is a matter of contract between the insured

and the insurer, is for its own convenience and protection, and constitutes an exclusive method. Provident Savings Life Assurance Society v. Dees, 120 Ky. 285, 86 S. W. 522; Metropolitan Life Insurance Company v. Brown's Adm'r, 222 Ky. 211, 300 S. W. 599; Couch, Cyc. of Ins. Law, Section 815a; 14 R. C. L., 1390. Where no steps are taken to comply with the method the mere expressed purpose to do so is but an unexecuted intention and accomplishes nothing. Spurlock v. Spurlock, 271 Ky. 70, 111 S. W. (2d) 443. Furthermore, it is agreed that in this jurisdiction a substantial compliance with the formalities or terms of the provisions is sufficient. The rigor of the rule requiring observance of the particular method is relaxed if the insured did about all he could do under the circumstances and that which remained to be done was but a ministerial act on the part of the company. In such a case equity will treat as done that which ought to be done and will regard a change in the beneficiary as having been effected. Twyman v. Twyman, 201 Ky. 102, 255 S. W. 1031; Hoskins v. Hoskins, supra; Farley v. First National Bank, 250 Ky. 150, 61 S. W. (2d) 1059; Inter-Southern Life Ins. Company v. Cochran, 259 Ky. 677, 83 S. W. (2d) 11; Pikeville Nat. Bank & Trust Company v. Shirley, 281 Ky. 158, 135 S. W. (2d) 431. This is in accord with the general rule. Annotations, 36 A. L. R. 771; 78 A. L. R. 970.

But the proposition that the policy of insurance is a chose in action must be qualified in considering it as the subject of testamentary disposition. It has attributes different from other forms of property. Farley v. First Nat. Bank, 250 Ky. 150, 61 S. W. (2d) 1059. If the proposition be confined to a policy payable to the insured's estate or his personal representative, it may well be designated as such an item of property for it is part of his estate and, therefore, subject to testamentary disposition. Watson v. Watson, 183 Ky. 516, 209 S. W. 524, 3 A. L. R. 1575; Annotations, 43 A. L. R. 573. If the insurance is payable to an individual beneficiary, it constitutes no part of the insured's estate. Wooten's Trustee v. Hardy, 221 Ky. 338, 298 S. W. 963. Under the terms of Section 655, Kentucky Statutes, in the absence of authority given in the policy or a charter provision of the company in issuing it, the insured cannot change the named beneficiary before or after his death and the proceeds do not pass to the insured's estate or

creditors. O'Bryan v. England, 173 Ky. 12, 189 S. W. 1126; Conn v. White, 189 Ky. 185, 224 S. W. 764.

There are cases holding that one may effectually dispose of the proceeds of his life insurance by will even though he had specifically named some individual as beneficiary therein. But we apprehend that most of them dealt with policies which contained no restriction on the manner of changing the beneficiary or were benefit certificates of fraternal societies with special regulations, or the named beneficiary predeceased the insured, or there was a failure to draw a distinction between the conditions of the policies. United States Trust Co. v. Winchester, supra; Howe v. Fidelity Trust Company, Ky., 89 S. W. 521; Page on Wills, Section 198; Couch, Cyc. Ins. Law, Sections 318, 319; 29 Am. Jur., Insurance, Sections 1304, 1315; Annotations, 43 A. L. R. 573; 62 A. L. R. 940. Typical of the last mentioned class of cases in one respect is Pedron v. Olds, 193 Ark. 1026, 105 S. W. (2d) 70, which followed as authority Benson v. Benson, 125 Okl. 151, 256 P. 912, 62 A. L. R. 935, and the quotation therein from Underhill on Wills, page 71. The appellants cite the Benson case in support of their argument that the insured may direct the payment of the proceeds of these policies to another than provided in them. It is stated in the Benson opinion that the policy involved was not contained in the record nor its terms presented either in pleading or evidence, and that it could not be assumed that the beneficiaries did not have a vested interest therein. Therefore, the case was ruled by those cases in which there was an absence of any special provision in the contract between the insured and the insurer in respect to changing the beneficiary. The policy involved was war risk insurance and in many instances the commuted value of the proceeds of such policies may be disposed of by will of the insured. Page on Wills, Section 198; First Nat. Bank v. Cann's Ex'x, 247 Ky. 618, 57 S. W. (2d) 461.

Appellants emphasize what they deem as highly important the fact that the insured preserved his will for eight years with its disposition of his insurance and made it possible for the will to be produced and probated after his death. They say, in effect, this manifests a fixed intention, and contend that its execution in a manner authorized by statute, that is, to dispose of his property by will, did not prejudice the rights of the

insurance companies or deprive them of full protection and that the court should regard it as effective.

The history of the policies reveals the insured realized the necessity of following the methods prescribed in his policies for changing their beneficiaries. And as a matter of fact and reality, during those eight years intervening between the execution of his will and his death, the insured manifested a different intention which he executed in strict compliance with the provisions of the several policies. The will refers to and disposes of a $3,000 policy, payable to insured's daughter, Nevelyn. However, on February 11, 1935, five years after the will was written the insured substituted his wife for his daughter as the beneficiary. Five policies were issued after the will was made. One policy in existence when the will was executed was payable to a corporation of which Parks was the principal owner. Three years afterward he substituted his wife as beneficiary, and a year later surrendered that policy (which was for $10,000) and had another issued for $5,000 in which he designated her as the sole beneficiary. Within less than four months he changed the beneficiary again and made his children contingent beneficiaries. Certain other policies in effect when the will was executed were permitted to lapse for nonpayment of premiums and they became paid-up policies for relatively small sums. One of those policies had been made payable to his daughter, Nevelyn. Another policy for $5,000, issued in 1926, was payable to his wife, but in 1934 he and she assigned the same to one of his creditors to secure an indebtedness he owed it.

There are two recent cases on this point. In Ætna Life Ins. Company v. Mallory, 291 Mich. 701, 289 N. W. 302, the insured was covered by a group policy which permitted him to designate a new beneficiary by requesting the company to make the change. Ten days before his death he made a will bequeathing the proceeds and delivered it and his certificate of insurance to the devisee. The court recognized the general rules as to the necessity of complying with the method prescribed for changing a beneficiary in a policy and as to a substantial compliance being effective. It held, however, that as there was no intention to give the insurance company notice of the insured's desire to change the beneficiary during his lifetime and his intention was only to become effective on his death, the provision of the will was not

enforceable. Cook v. Cook, 17 Cal. (2d) 639, 111 P. (2d) 322, is a well considered case but based principally upon the California decisions. In that case a year elapsed between the making of the will changing the beneficiary in the policy and the death of the insured, during which time he did not endeavor to communicate such change to the insurance company. It was held that he was presumed to know the law that a will is ineffective until death and that a change in the beneficiary of a policy could not be made then. It was further held that the will itself could not be said to be a present assignment of the policy because a will is revokable and the beneficiaries named in it have no vested rights before the testator's death.

The case at bar is not one where equity should declare done that which ought to have been done by holding the disposition by the will to be a substantial compliance with the conditions of the policies.

On the proposition of non-prejudice and actual protection of the companies in the instant case by reason of these proceedings, it may be suggested that the case must be decided by the rule and the rule cannot be altered to fit the case. We cannot declare the law to be that an insured person may have a post-mortem change in the beneficiary, for such rule would not only destroy vested rights but would be perilous to all insurance companies. None could safely pay the proceeds of any policy until the probate of a will was barred by the statute of limitations. The reasons are thus stated in Wannamaker v. Stroman, 167 S. C. 484, 166 S. E. 621, 623:

"To hold that a change in beneficiary may be made by testamentary disposition alone would open up a serious question as to payment of life insurance policies. It is in the public interest that an insurance company may pay a loss to the beneficiary designated in the policy as promptly after the death of insured as may reasonably be done. If there is uncertainty as to the beneficiary upon the death of insured, in all cases where the right to change the beneficiary had been reserved there would always be a question as to whom the proceeds of the insurance should be paid. If paid to the beneficiary, a will might later be probated designating a different disposition of the fund, and it would be a

risk that few companies would be willing to take, unless some specified time had elapsed after the death of insured, or that there had been some court adjudication as to whom the proceeds should be paid.''

This court, in accord with the weight of authority, has twice recognized that where a policy names a beneficiary, no different disposition can be made by will, although our pronouncements were in connection with other questions. In Wooten's Trustee v. Hardy, 221 Ky. 338, 298 S. W. 963, we held that the proceeds of an insurance policy made payable to testator's daughter was no part of his estate and he had no legal right to dispose of it by will. He had undertaken to bequeath the proceeds and his estate in trust for his daughter with some contingent remaindermen, and we held that the daughter was put to an election to accept or reject the will in its entirety. Having elected to take under the will, we held the proceeds passed under it. In Metropolitan Life Ins. Company v. Brown's Adm'r, 222 Ky. 211, 300 S. W. 599, the insured, who was under twenty-one years of age, undertook by will to change the beneficiary in a group insurance policy from his mother to his wife. Section 4826, Kentucky Statutes, prohibits a minor from making a valid will ''except in pursuance of a power specially given to that effect.'' After declaring that the will as such was void, we stated the general rule to be that a change in a beneficiary of a policy cannot be made by will where the policy prescribes and regulates the method of changing beneficiaries, and cited numerous authorities in support of the statement. Appellants insist this is dictum. It can hardly be so classed for it was made in deciding the question whether the will came within the exception of the statute as being the execution of a power. We pointed out that the certificate of the group policy provided that a change in the beneficiary might be made only upon request and notice of the company, accompanied by the certificate, the change to be effective by endorsement by the insurance company of the change on the certificate.

We consider the question of waiver. As the beneficiary has no vested right in an unexecuted policy contract and its provision relating to the manner of designating new beneficiaries is for the protection of the in-

surance company, it cannot be questioned that the company may waive compliance therewith. 29 Am. Jur., Insurance, Section 1324. The appellants press their contention that all the insurance companies in this case waived their rights in that respect by not having pleaded them and by standing by indifferently, merely seeking the direction of the court as to the payment of the proceeds either to plaintiffs or to the defendants. As pointed out in Section 321, Couch, Cyc. of Ins. Law, the authorities are not in harmony upon this point. See, also, 29 Am. Jur., Insurance, Section 1324; Annotations, 78 A. L. R. 975, 980. But the better reasoning, it seems to us, and the weight of authority are that the rule of waiver does not extend beyond the death of the insured. That the rights of the beneficiaries vest at that time is not open to question. If for no other reason, Section 655 of the Statutes makes it so in this state. We may adopt the response to the same argument made in Metropolitan Life Ins. Company v. Jones, 307 Ill. App. 652, 30 N. E. (2d) 937, 939, namely:

"This position is untenable. When the insurance company was faced with the conflicting claims of defendants, it unquestionably had the right to ask the court by interpleader to determine to which of the claimants the proceeds of the policy rightfully belonged and thereby protect itself against possibility of double liability. It would be a strange doctrine which would permit the insurer to go into court in this manner to protect its own right and by so doing waive the rights of others. The rights of the respective parties to the fund were fixed by law upon the death of the insured and could not be affected by the action of the insurer in bringing the money into court by interpleader in order to be relieved of litigation because of conflicting claims to it. Grand Lodge A. O. U. W. v. Ehlman, 246 Ill. 555, 92 N. E. 962; Supreme Counsel Royal Arcanum v. McKnight, 238 Ill. 349, 87 N. E. 299; Freund v. Freund, 218 Ill. 189, 75 N. E. 925, 109 Am. St. Rep. 283."

Appellants submit that if the proceeds of these policies must be paid to the widow and children as beneficiaries, then they take the same as trustees for the creditors. They pleaded such trust and obligation. The proceeds of life insurance may be the proper

subject of a trust even when payable to a specified beneficiary without such conditions being expressed in the policy. But it must be by contract with the beneficiary to hold or use the proceeds for the benefit of another. Peek's Ex'r v. Peek's Ex'r, 101 Ky. 423, 41 S. W. 434; Crews v. Crews' Adm'r, 113 Ky. 152, 67 S. W. 276; 29 Am. Jur., Insurance, Section 1281. There is no such contract here. There can be no constructive or equitable trust without an agreement with the beneficiary for the two-fold reason that the proceeds of the policy constitute no part of the estate of the insured and the exemption from payment of his debts is declared by Section 655 of the Statutes, to which we have already referred.

Therefore, upon reason and authority the circuit court properly held that the attempted disposition by will of the proceeds of these policies payable to the insured's widow and children being ineffectual, their rights under them remain in force and the proceeds are not available to his creditors.

Judgment affirmed.