**Idell McCall MARSHALL, Appellant,**

**v.**

**Mary Jane MARSHALL et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 18, 1966.

Joe G. Leibson, Charles J. Lunderman, Jr., Louisville, for appellant.

J. L. Richardson, Jr., A. J. Deindoerfer, Louisville, for Mary Jane Marshall.

Lloyd Cardwell, Stites, Peabody & Helm, Louisville, for American Tobacco Co.

DAVIS, Commissioner.

This appeal presents the question whether James Edward Marshall effected a change in beneficiary in a group life insurance policy. Originally the named beneficiary was the appellee, Mary Jane Marshall, mother of James Edward Marshall. The appellant, Idell McCall Marshall, is the surviving widow of James Edward Marshall, and contends that her now deceased husband had effectively named her as the policy's beneficiary. The trial court rendered summary judgment holding that the appellee mother was the beneficiary, hence this appeal by the widow.

The decedent, James Edward Marshall, to whom we shall refer as "James," started work as a porter for American Tobacco Company (hereinafter American), in 1954; he was then unmarried. Ninety days later James became eligible to participate in a group life insurance plan afforded by American to its employees. He took advantage of that opportunity, and obtained the certificate for $6,000 in life insurance which is the subject of this litigation. The certificate of insurance listed appellee, mother of James, as the named beneficiary, pursuant to direction of James.

The insurance certificate provided, in part:

"The Employee may change his Beneficiary at any time upon written request accompanied by this certificate for endorsement."

There are spaces for "Register of Change of Beneficiary" just below the section of the certificate containing the just quoted language. The caveat at the head of the spaces recites: "Note.—Entries in this register are to be made only by the Employer. No other entries shall be recognized." Then follow the spaces, providing writing areas for "Date Effective," "Beneficiary" and "Endorsed By." Nothing was written in any of the spaces in the certificate before us.

In August, 1955, James married the appellant. Nothing was done at that time with reference to the insurance certificate. In January, 1956, James entered the United States military service; he remained attached to that duty until November 29, 1957. Shortly after his release from service, on December 9, 1957, James initiated action looking toward resumption of his employment with American. He was not re-employed at that time since he needed an operation to correct a hernia. The operation was performed and James was re-employed by American on April 21, 1958.

When James sought re-employment on December 9, 1957, he signed a document which is in pertinent part as follows:

FULL NAME: Marshall, James Edward, SOCIAL SECURITY NO.: 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 DATE OF BIRTH: 1/11/34, SEX: M, MARITAL STATUS: Married NAME OF HUSBAND OR WIFE: Idell M., HAVE YOU PREVIOUSLY BEEN EMPLOYED BY THIS OR AFFILIATED

COMPANY: Yes, NAME OF COMPANY: Ret. From Military L.A., LOCATION: This Branch, FROM: 1/6/56, UNTIL: 12/9/57 ADDRESS OF EMPLOYEE: 1920 W. Madison, Louisville 11, Ky., ARE YOU A VETERAN: Yes, DATE OF RELEASE: 11/29/57 INFORMATION FOR GROUP LIFE INSURANCE: NAMES AND ADDRESSES OF BENEFICIARIES: Marshall, Idell McCall, AGE: 19, RELATIONSHIP TO YOU: Wife, ADDRESS: 1920 W. Madison St., Louisville 11, Ky., DATE: 12/9/57, EMPLOYEE'S SIGNATURE: /s/ James E. Marshall

An identical "Information Sheet" was signed by James when he renewed application for employment on April 21, 1958. None of the legend appearing on the information sheets was written by James except his signatures. It is undisputed, however, that the information reflected in these sheets was furnished by James to a personnel officer of American.

Appellant and appellee presented conflicting testimony through depositions and affidavits. For appellant, some evidence was offered reflecting that James held her in high esteem and had said that everything he had was made over to her. For appellee there was a showing that James was not pleased with his wife, and that he had purposely failed to substitute her for his mother as the beneficiary in the policy at bar.

The appellant presents three assignments of error against the summary judgment for appellee: (1) the original certificate of insurance was terminated by reason of James' absence in the service; (2) even if it is adjudged that the original certificate was effective, James substantially complied with the requirements so as to change the beneficiary; (3) if each of these propositions is decided adversely to appellant,

then American is liable to appellant for the negligent failure of its employees to take the necessary steps to change the beneficiary as indicated by James on the information sheets.

The troublesome problems stemming from imperfect efforts to change beneficiaries have been considered often by the courts. It is generally recognized that compliance with the policy provisions for making beneficiary changes is a prerequisite to an effective change. 19 A.L.R.2d 10; Metropolitan Life Ins. Co. v. Brown, 222 Ky. 211, 300 S.W. 599; Parks' Ex'rs v. Parks, 288 Ky. 435, 156 S.W.2d 480. This jurisdiction has recognized the validity of certain efforts to change beneficiaries, even though the policy provisions were not literally followed. These seeming exceptions to the usual rule have been characterized as instances in which the insured has "substantially complied" with the policy—and has done "all" or "about all" he could do to make the beneficiary change effective. Examples of the substantial compliance cases are Parks' Ex'rs v. Parks, 288 Ky. 435, 156 S.W.2d 480 and Pikeville Nat. Bk. & Tr. Co. v. Shirley, 281 Ky. 158, 135 S.W.2d 431.

In the present case we think a somewhat different, though related, problem is presented. The first *certificate* was issued to James in 1954, and the beneficiary named in it was his mother, the appellee here. No other certificate was ever issued, although it seems plain that there could have been no insurance payable to anyone by reason of that original certificate had the death of James occurred more than 365 days after his entry into the military service. A personnel employee of American, whose duties included the handling of the group insurance matters of American's employees, testified that the original certificate remained in effect for 365 days after James entered the military service, but no longer. Thus there was a gap in insurance coverage for James until he ultimately was restored to the American payroll on April 21, 1958. The information sheet executed by

James on April 21, 1958, was incident to his resuming his employment with American. We think it is unnecessary to decide whether James was then re-employed or reinstated. It seems clear that when James came back to work and furnished to American the information relating to the beneficiary for his insurance, he supposed and believed that he had done all that was required of him in order to make his wife the beneficiary.

In considering this phase of the case it must be recalled that American was paying all premiums on the insurance, and American was the only entity with which James dealt respecting the insurance. He had no dealings with the insurance company. He knew that American had "taken care" of making his mother the beneficiary when he first obtained insurance, and he had a right to assume that American would follow his instructions when he resumed employment after the military service. It seems obvious that the appellant wife would have been the legal beneficiary had there never been another certificate, despite the fact that no certificate so designating her was issued. Since the original certificate, naming the appellee mother as beneficiary, was ineffective after James had been out of American's employ for 365 days, we must regard the written instructions of James as equivalent to his direction to American to cause the appellant wife to be named beneficiary for his new insurance coverage.

We realize that it might be reasoned that James should have demanded a new certificate. It is not unreasonable, however, that James should have understood that there would be at least some delay in the delivery of the certificate—and that meanwhile his insurance directions had been carried out. The well known human proclivity for procrastination may account for the failure of James to seek another certificate from American. One thing does seem clear—if James and American had understood that the information sheet was for the purpose of designating appellant as beneficiary in a to be issued certificate, certainly she could have recovered in the event James had died before the new certificate arrived. A tortured path of deduction would be required to conclude that the failure to demand a new certificate had the effect of restoring validity to the already ineffective first certificate. Especially is this true in light of the twice written directions of James to the contrary.

In Johnson v. Johnson, 139 F.2d 930, 151 A.L.R. 268, the U. S. Court of Appeals, Fifth Circuit, held that change of beneficiary in a group policy had *not* been legally accomplished despite the written request of the insured. That opinion appears to be based upon the fact that the policy provided that no change in beneficiary should be effective until the insurance company had acknowledged receipt of the beneficiary change request. Although the insured had delivered written request for change of beneficiary to his employer, it was held that this merely constituted the employer as the insured's agent to take the necessary steps with the insurance company—and since the insured died before the steps were taken the agency was revoked. We are not impressed by that reasoning, nor do we consider that the results comport with the "substantial compliance" doctrine followed in Kentucky. At any rate, the specific provisions of the certificate applicable to the group insurance at bar provided that American should make the change of beneficiary—not the insurance company.

In Johnston v. Kearns (1930) 107 Cal. App. 557, 290 P. 640, it was held that a change of beneficiary in a group policy was effective when made in writing by the insured to his *employer*, even though the insured was then on his death bed and died before the written request was transmitted by his employer to the insurance company. We regard that ruling as consonant with reason and precedent.

In summary, we conclude that James had done "all" or "about all" that he could when he advised American in writing that appellant was the desired beneficiary for his

group insurance. With this view of the case, it is unnecessary to consider the other two points submitted by appellant.

The judgment is reversed with directions to enter a new judgment awarding the insurance proceeds to the appellant.

MONTGOMERY, J., dissenting.