**Elsie VAUGHN, Appellant.**

**v.**

**Gillis BAKER and Metropolitan Life Insurance Company, Inc., Appellees.**

Court of Appeals of Kentucky.

March 7, 1969.

Damon A. Vaughn, Madisonville, for appellant.

Tommy W. Chandler, Providence, for appellee Gillis Baker.

Thomas W. Bullitt, Bullitt, Dawson & Tarrant, Louisville, for appellee Metropolitan Life Ins. Co., Inc.

CULLEN, Commissioner.

R. V. Grigg had two life insurance policies with Metropolitan Life Insurance Company, in the total amount of $5,128. Shortly before his unanticipated death in an automobile accident he took steps to change the beneficiary from the appellant Elsie Vaughn, his sister-in-law, to the appellee Gillis Baker, a niece. He was killed before a change formally was effected. In this lawsuit between appellant and appellee, in which Metropolitan did not contest its liability but paid the proceeds into court, the issue was whether the steps taken by Grigg to change the beneficiary amounted to substantial compliance with the requirements of the policy for such a change. The circuit court held that there was substantial compliance and that appellee Baker was entitled to the proceeds of the policy. The appellant is here questioning the correctness of that ruling.

Grigg's wife had been named in the policies as the primary beneficiary, with her sister, the appellant, as a contingent or alternate beneficiary in case of the wife's death. The wife died on June 11, 1965, so the appellant became the designated beneficiary. In June and July of 1965, soon after his wife's death, Grigg discussed with the agent from whom he had bought the policies, one Darrell Hill, the possibility of changing the beneficiary. Hill testified that the only thing he told Grigg at

that time with respect to the manner of effecting a change was that "it would be necessary to send the policies to the company." No decision was made by Grigg in those discussions to make a specific change.

Around the middle of September 1965 Grigg went to Hill's home (out of which Hill operated his insurance agency), bringing with him the two policies. Hill was not at home but his wife was, and Grigg talked with her. He told her that he wanted to change the beneficiary to Gillis Baker, giving her Miss Baker's name, age, address and relationship, all of which Mrs. Hill wrote down on a piece of paper. He also left the policies with Mrs. Hill. She told him that her husband would get in touch with him. On two occasions during the next two weeks Hill went to Grigg's home to have Grigg execute a change-of-beneficiary form, but did not find Grigg at home. On October 2, 1965, Grigg was killed in an automobile accident. He had not signed any kind of application or form for a change of beneficiary and Hill had not sent the policies to Metropolitan nor given Metropolitan any word of the desired change of beneficiary.

The policies provided that a change in beneficiary "will not be binding upon the Company unless made in writing and filed at the Home Office." As hereinbefore stated, the issue is whether there was substantial compliance with the policy requirement.

There is an extensive annotation in 19 A.L.R.2d 5 to 129 on the subject, "Change of beneficiary in old line insurance policy as affected by failure to comply with requirements as to manner of making change." It appears from the annotation that by the great weight of authority a change of beneficiary can be accomplished without strict or complete compliance—that substantial compliance is sufficient. However, it further appears that most of the courts that purport to follow the substantial-compliance rule employ a strict measure of what constitutes substantial compliance, and they in effect require that

the insured have done "all that he could do." Thus, where the policy requirement is that the policy be delivered to the company for endorsement, failure so to do will not be excused unless the policy was inaccessible to the insured. 19 A.L.R.2d 65 to 86. And where the policy requires the submission to the company of a signed application form anything less will not be considered sufficient unless the insured did not have the opportunity to obtain, sign and send in the form. 19 A.L.R.2d 52 to 64. The making of an oral request, even if accompanied with a surrender of the policy for endorsement, has been considered not a substantial compliance. 19 A.L.R.2d 52, 53.

■ Kentucky is in the substantial-compliance group of authorities but it appears that our court has been more liberal than most, with the possible exception of Ohio's, in adjudging what constitutes a substantial compliance. Our latest case is Marshall v. Marshall, Ky., 399 S.W.2d 487. There the insured did not do all he could have done, but he did everything that he thought and believed was required of him. This court said that was sufficient under the circumstances. Previously, in Pikeville National Bank & Trust Company v. Shirley, 281 Ky. 158, 135 S.W.2d 431, we had acknowledged that our view of what constitutes substantial compliance in these cases has been "very liberal," as indicated by numerous decisions cited therein. There an attempted change of beneficiary was held effective although the insured had merely written a letter to the company and had not submitted an application on the company's form nor sent in the policy for endorsement, both of which were required by the terms of the policy to effect a change of beneficiary. It is true that in the Shirley case the insured was rendered incapable, by his suicide before receipt of an application form mailed him by the company, of making out an application on the company's form, but there was nothing to have prevented his sending the policy to the company for endorsement. So the

court's holding did not require that the insured have done "all that he could do."

■ The appellant in the instant case argues that at the very least the insured must have made some kind of *written* request to the company. We do not see any particular magic in a writing in this situation. Whether an informal request is written or oral goes only to the matter of whether the fact of the making of the request is sufficiently established. There is no issue as to that fact in the instant case. Admittedly the request was made at the place of business of the company's agent, to a person who reasonably would be expected to transmit the request to the agent. There is no apparent reason why a written request, signed by Grigg and left with the agent's wife, would have a higher *standing*. We think the issue is whether the insured has made a genuine, bona fide attempt of a substantial nature to have the beneficiary changed, and whether he makes his informal request in writing or orally has no real significance in resolving the issue.

In the instant case Grigg took his policies to the agent's place of business (after having been told by the agent that he would have to surrender the policies to effect a change of beneficiary), and gave the agent's wife all information that was necessary concerning the desired change. She told him that her husband would get in touch with him. It certainly was reasonable for Grigg to have assumed that if there was anything further that needed to be done the agent would take care of it. In fact the agent did attempt to take care of it to the extent of visiting Grigg's home twice with a form for Grigg to sign, but the agent apparently did not consider that the obtaining of Grigg's signature was of great urgency because he made no further effort to seek out Grigg. The failure of Grigg to submit a signed application for a change of beneficiary thus seems to have been attributable to the agent's lack of diligence rather than to

**520**

any conscious noncompliance on Grigg's part.

Even if this court were to apply the rule that the insured must have done "all that he could do" it would not be unreasonable to hold that there was substantial compliance here. Grigg did not have available to him a formal application form, and when he went to the agent's office to cause the change of beneficiary to be made no application was made available to him because the agent was not there. The agent subsequently tried to get an application to Grigg, but Grigg was killed before that was accomplished. The situation thus was comparable to that in Pikeville National Bank & Trust Company v. Shirley, 281 Ky. 158, 135 S.W.2d 431. We do not believe that Grigg, in order to have done "all that he could do," was required to camp on the agent's doorstep until he got an application form. Nor was he required to write to the company when the agent had indicated in previous discussions that the transaction would be handled through him.

There is some discussion in the briefs relative to various statements made by Grigg to friends and relatives, before and after he left the policies with the agent's wife, as to whether he was "going to have his policies changed" or "have got all of my insurance policies changed." It is sufficient to say that there was evidence to warrant a finding that Grigg thought he had accomplished the desired change, this being significant only as it might relate to the question of whether he thought he had done everything he needed to do to effect the change. So we could not hold that the trial court made an erroneous finding of fact.

It is our conclusion that the trial court correctly adjudged that there had been an effective change of beneficiary.

The judgment is affirmed.

All concur except MONTGOMERY, C. J.