**William C. HILL, Appellant,**

v.

**UNION CENTRAL LIFE INSURANCE COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Aug. 27, 1974.

Burlyn Pike, Pike & Lemme, Shepherdsville, for appellant.

Thomas L. Waller, Givhan & Porter, Thomas B. Givhan, James E. Milliman, T. C. Carroll, Shepherdsville, for appellees.

STEPHENSON, Justice.

The trial court entered judgment that Clarence A. Dawson had effectively changed the beneficiaries on two policies of life insurance issued to him by the Union Central Life Insurance Company. We reverse.

Shortly before his death, Clarence A. Dawson directed his secretary to make the following endorsement on each of the policies:

"Insurance on said policy paid back to my estate. This the 5th day of February, 1971."

Clarence Dawson affixed his signature immediately beneath each endorsement. The policies were then returned to his safe-deposit box where they remained until his death.

Both policies provided a mode for changing the beneficiary; one "said change to take effect when endorsed on the policy by the insured and the company"; the other "by written notice to the company at the home office, for which a form will be furnished on request".

Several years prior to 1971, Clarence Dawson had in the form and manner provided in the policies, changed the beneficiary in each policy so as to make the appellant, William C. Hill, a nephew, the beneficiary of each policy.

This jurisdiction in a long series of cases has adhered to the view that a substantial compliance with the formalities or terms of the provisions in the policy as to change of beneficiary is sufficient. See Pikesville National Bank & Trust Company v. Shirley, 281 Ky. 158, 135 S.W.2d 431 (1939); Parks Ex'rs et al. v. Parks et al. 288 Ky. 435, 156 S.W.2d 480 (1941); Marshall v. Marshall, Ky., 399 S.W.2d 487 (1966); Vaughn v. Baker, Ky., 438 S.W.2d 517 (1969) and Grayson v. Gilley, Ky., 443 S.W.2d 240 (1969). Without detailing the factual situations involved, the substantial compliance deemed sufficient has been "when the insured had done all he could do under the circumstances"; "all he believed necessary to effect the change" or "what

the ordinary layman would believe was all that was necessary to accomplish the change."

In each instance the substantial compliance sufficient to effect the change was out of the hands of the insured and directed to the insurance company.

We are of the opinion that Clarence Dawson did not substantially comply with the terms of either policy so as to effect a change of beneficiary. He understood the necessary steps to effect a change, having done so prior to 1971. By keeping the policies in a lock box, he directed no effort at all toward the insurance company. We are unwilling to further enlarge the rule as to substantial compliance.

The judgment is reversed with directions to enter judgment for appellant.

All concur.