## Owens v. Owens.

September 26, 1947.

Jas. C. Carter, Judge.

L. C. Lawrence for appellant.

Lilburn Phelps for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The material question before the court is whether a soldier under 21 years of age by will could change the beneficiary named in a policy or certificate of National

Service Life Insurance or in a "death gratuity" granted by the Government.

Philip Owens, then barely 19 years of age, executed a will on September 2, 1944 shortly before he went overseas. He was killed in action three months later. The pertinent provision of that instrument is as follows:

"My mother Lucy Owens, will be given my automobile & all other personal property. I also designate her as my beneficiary on my $10,000 National Service Life Insurance. She will also receive my six month death gratuity in the event that I die while in the U. S. Army. She will be given all benefits and gratuities to which I may become entitled."

Young Owens had originally designated his wife, Ama G. Owens, and his mother, Lucy Owens, as joint beneficiaries in the insurance.

The paper was admitted to probate by the county court of Russell County, the soldier's home. On appeal by his widow, the circuit court held the instrument of no effect because Owens was not 21 years of age. The judgment rests upon KRS 394.030, which is quoted for ready reference: "No person under twenty-one years of age can make any will, except in pursuance of a power specially given to that effect, and except also, that a father, though under twenty-one years of age, may by will appoint a guardian for his child."

Unless permitted by the terms of the policy, no insured may change the beneficiary by a will even though the contract reserves the right to change the beneficiary, the mode prescribed in the policy being the exclusive method. Parks' Executor v. Parks, 288 Ky. 435, 156 S. W. 2d 480. We have held specifically that an instrument executed by a minor as a will undertaking to make a testamentary disposition of the proceeds of a group insurance policy was ineffective under the statute. Metropolitan Life Insurance Co. v. Brown's Adm'r, 222 Ky. 211, 300 S. W. 599.

The appellant submits that this instrument, which was executed with proper formalities by her minor son, comes within the provision of the statute as being "in pursuance of a power specially given to that effect." It would seem that this provision has reference only to a

power of appointment, which is, broadly speaking, the execution of an express agency conferred by a settlor or donor of the power who is a person possessed of testamentary capacity. It is not the disposition of the minor's own property. Cf. Roby v. Arterburn, 269 Ky. 816, 108 S. W. 2d 873. It is generally recognized that an infant may execute a collateral power but may not execute a power appendant, the execution of which will affect his property. 41 Am. Jur., "Powers," section 34. We have held that a provision in a deed conferring upon an infant grantee the right to convey the property implies only the power to do so when the grantee becomes of age. Sewell v. Sewell, 92 Ky. 500, 18 S. W. 162, 36 Am. St. Rep. 606. But if the term used in the statute should be construed as embracing the exercise of any kind of authority or right possessed by the minor, as the appellant claims, still it would not avail in this case.

Neither the certificate or policy of insurance, or the terms of the "death gratuity," is in the record for the reason, as stated in appellant's brief, that she had never received the same. But the terms are to be found in the federal statute and regulations.

The new system of insurance provided by the National Service Life Insurance Act of 1940, 54 Stats. at Large 1008, 38 U. S. C. A. sec. 801 et seq., is different in material respects from the War Risk Insurance Act of September 2, 1914 and its amending acts. 38 Stats. at Large 711, chapter 293; 43 Stats. at Large 607, chapter 320, 38 U. S. C. A. sec. 421 et seq. All of these acts are to be found and distinguished in Annotations, 147 A. L. R. 1185. The former act and regulations thereunder permitted a change to be made in the beneficiaries by will, even by a minor. Note 55 A. L. R. 587; 73 A. L. R. 327; 81 A. L. R. 937; Helmholz v. Horst, 6 Cir., 294 F. 417, affirming Horst v. United States, D. C., 283 F. 600. The act under which the insurance was issued to the decedent Owens gave the right to him to change the beneficiaries within the permitted classes (which include both mother and wife) but it was "subject to regulations." The regulations under the National Service Life Insurance Act deny the right to make a testamentary change in beneficiaries. Federal Register vol. 6, No. 40, p. 1162; 147 A. L. R. 1241, 1254. Regulation section 10.3446 is in part as follows: "A

beneficiary designation shall be made by notice in writing to the Veterans' Administration signed by the insured. An original beneficiary designation may be made by last will and testament duly probated, but no change of beneficiary may be made by last will and testament.''

The statute and regulations have been construed in the same way as similar provisions in ordinary insurance contracts; namely, that if the insured has done everything reasonably within his power to accomplish this purpose, leaving only ministerial acts to be performed by the insurer, courts of equity will treat as done that which ought to be done, giving effect to the intent of the insured. Bradley v. United States, 10 Cir., 143 F. 2d 573; Note, 152 A. L. R. 1445.

In this case insured did nothing towards complying with the regulations governing the change of beneficiary. Therefore, if the provision in KRS 394.030 extending the right to a person under 21 years of age to execute a valid will ''in pursuance of a power specially given to that effect'' should be held, under a liberal construction, to embrace the power to change a beneficiary in an insurance policy, still it would not apply in the present case. There was no power to be exercised except in the way provided by the federal law and regulations.

As to the so-called ''death gratuity,'' the burden was upon the appellant to show that its provisions were of such character as would make the exception in the statute applicable and it was not met.

The judgment is affirmed.