### LANE v. UNITED STATES et al.
### C. A. 1408.

United States District Court,
W. D. South Carolina,
Spartanburg Division.
Dec. 10, 1953.

Thomas W. Whiteside and J. C. Mooneyham, Spartanburg, for defendants.

WYCHE, Chief Judge.

This is an action to determine the ownership of the proceeds of a Ten Thousand Dollar ($10,000) policy of National Service Life Insurance on the life of Private George W. Hill, who died on the 21st day of August, 1951. The United States of America admits that the insurance was in full force at the time of the death of the insured and prays that this Court determine who is entitled to the proceeds.

I find the facts specially and state my conclusions of law thereon, as follows:

### Findings of Fact

1. The deceased George W. Hill was issued a National Service Life Insurance policy No. V–15 635 889 on January 1, 1951.

2. The deceased was killed in Korea while on active duty in the Army on August 21, 1951, at which time this policy was in full force and effect.

3. On January 1, 1951, when the aforesaid policy of insurance was issued to him, the deceased George W. Hill designated as his beneficiaries his mother, Ruth Virginia Wilson, in the amount of Five Thousand ($5,000) Dollars, his sister, Iva Price, in the sum of Two Thousand ($2,000) Dollars, and his sister, Ella Ruth Tallent, in the sum of Three Thousand ($3,000) Dollars.

4. At the time of his death on August 21, 1951, no formal change of beneficiary had been made by the Veterans Administration, and the deceased had filed no application or request for a change of beneficiary and had made no effort to change the beneficiaries named in the aforesaid policy.

5. The deceased elected, when he applied for and was issued said policy of insurance, Option No. 1, which option provides for the payment of the benefits under the policy in a lump sum.

6. On June 7, 1951, the deceased wrote a letter to his sister Ella Ruth

C. Yates Brown, Spartanburg, S. C., for plaintiff.

John C. Williams, U. S. Atty., and Chester D. Ward, Jr., Asst. U. S. Atty., Greenville, S. C., for defendant, United States.

Tallent in which he made the following statement: "In event of my death you will receive all my personal belongings; such as I may own at that time. You will also receive one third of my $10,000 insurance. Mama and Judy will receive the 2 thirds left."

7. The "Judy" referred to in the letter written by the deceased on June 7, 1951, is Judy Wilson Lane, sister of the deceased and the plaintiff in this action; "mama" refers to his mother Ruth Virginia Wilson.

8. The insured took no affirmative act whatever in the exercise of his right to change beneficiaries.

9. The defendant Ella Ruth Tallent has already been paid the sum of Three Thousand ($3,000) Dollars, by the Veterans Administration.

10. The letter dated June 7, 1951, was admitted to probate under the statutory laws of the State of South Carolina as a holographic will.

### Conclusions of Law

1. The letter written by the deceased on June 7, 1951, which was admitted to probate as a holographic will did not, because of the fact that it was admitted to probate as the Last Will and Testament of the deceased, change the beneficiaries from those designated in the policy since change of beneficiary of National Service Life Insurance cannot be made by a Last Will and Testament. Sections 3446 and 3447, Veterans Administration Regulations (38 CFR 8.46, 8.47); Jones v. United States, 8 Cir., 189 F.2d 601; Owens v. Owens, 305 Ky. 460, 204 S.W.2d 580.

2. The intent of the insured is a very important element in the adjudication of a claim such as presented here, and the courts will brush aside technicalities to give effect to an avowed intention on the part of the insured to change the beneficiary of his insurance, however, such an intent is of no effect unless followed by some affirmative act of the insured evidencing the exercise of his right to make the change. Kendig v. Kendig, 9 Cir., 170 F.2d 750; Mitchell v. United States, 5 Cir., 165 F.2d 758; Gann v. Meek, 5 Cir., 165 F.2d 857, certiorari denied, 334 U.S. 849, 68 S.Ct. 1500, 92 L. Ed. 1772; Kluge v. United States, 4 Cir., 206 F.2d 344.

3. Under the Insurance Act of 1946, 38 U.S.C.A. 801 et seq., and the law as established by all of the applicable decisions, the letter of June 7, 1951, was insufficient to establish the change of beneficiary, and the plaintiff is not entitled to share any proceeds of the policy.

It Is The Order of This Court,

That the defendant Ruth Virginia Wilson have judgment against the defendant United States of America for the sum of Five Thousand ($5,000) Dollars; and that the defendant Iva Price have judgment against the defendant United States of America for the sum of Two Thousand ($2,000) Dollars.

It Is Further Ordered,

That John C. Mooneyham, Esq., attorney for the defendant Ruth Virginia Wilson be paid a fee of ten per cent. of the recovery by the defendant Ruth Virginia Wilson, to be paid out of said recovery and not in addition thereto; and that Thomas W. Whiteside, Esq., attorney for the defendant Iva Price be paid a fee of ten per cent. of the recovery by the defendant Iva Price, to be paid out of said recovery and not in addition thereto.