**UNITED STATES of America, Plaintiff,**

v.

**Eve B. PAHMER and Eva Pahmer, Defendants.**

United States District Court
S. D. New York.
Jan. 13, 1956.

1. Norris & Co. v. Jones, 93 Va. 176, 24 S.E. 911.

Paul W. Williams, U. S. Atty., for Southern District of New York, New York City, for plaintiff. George C. Mantzoros, Asst. U. S. Atty., New York City, of counsel.

Beer, Richards, Lane, Haller & Buttenwieser, New York City, for defendant Eve B. Pahmer. Helen L. Buttenwieser, Chester T. Lane, New York City, of counsel.

Harold W. Harrison, Great Neck, N. Y., for defendant Eva Pahmer.

DAWSON, District Judge.

These cross-motions for summary judgment raise the issue as to whether a suicide note left by a person insured under the National Service Life Insurance Act, 38 U.S.C.A. § 802(g) is sufficient to constitute a change of beneficiary under the policy. .

The action is one of interpleader brought by the government to determine who is entitled to be considered as the beneficiary of the policy. The defendants are, respectively, Eve B. Pahmer, the widow, and Eva Pahmer, the mother, of Dr. Marcel Pahmer, the insured. Both defendants have moved for summary judgment. As there are no facts in dispute, and all parties so concede, the matter is one which properly may be determined on this motion, pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A.

The Facts

The following facts appear to exist without substantial controversy:

1. Marcel Pahmer, who had been in the military service, became insured under a policy of National Life Insurance, effective November 1, 1943, in the principal amount of $10,000.

2. The insured named his wife Eve B. Pahmer as beneficiary, and his minor son John as contingent beneficiary.

3. Several years prior to his death, the insured and his wife had become estranged and had separated. In 1950, the insured moved to Florida and there commenced a divorce proceeding against his wife. After hearings, a Referee found adversely to the insured. The Referee's findings were the subject of motions pending at the time of insured's decease.

4. During the night of February 10, 1951, the insured took his life by poison in his mother's apartment in New York City.

5. Found with the insured's body was a sealed envelope with the inscription: "My last will and testament—to be opened only by my mother." Inside the envelope was a four-page handwritten statement which read, in part, as follows:

"This is my last will

"Feb. 10, 1951

"I, undersigned, Marcel Pahmer, sound of body and mind, hereby declare the following to be my last will: and irrevocably request it be followed in its entirety:

"1. I leave to my mother, Eva Pahmer, 28 E. 95th Str, N. Y. C. and bequeath upon her the totality of my belongings for her to dispose at her will.

"2. In case my Life Insurance is payed off after my death, the totality of it is to go to my mother, above named, for her to own and dispose of at her will, after collecting it in full.

"3. In case a portion is set aside automatically by law to my hated ex-wife, she is not to use it under any pretext or cause, but to set it aside exclusively for my son, Johnny Pahmer, now aged 11 y.

"4. Whatever, in case this is so, my hated-ex wife, whom I have divorced purposely and irrevocably, is able to extort from my Life Insurance is not to be destined to her, but to be put in escrow and set aside for the use of my son, Johnny Pahmer, when and not before his 18th birthday.

\* \* \* \* \* \*

"10. I also instruct my mother to prepare a 'dossier' concerning the beastly doings and writings of my hated ex-wife, by means of the papers she will find, so that she (my mother) or her successors will show to my son when he reaches the age of 18 y. who killed his father and what monster bore him to life."

1. 38 U.S.C.A. § 802(g) provides, in part:
"The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided: \* \* \*."
The regulations 38 C.F.R. §§ 8.46, 8.47 (1949) provide in part:
§ 8.46. *Beneficiary designations.* \* \*
"A beneficiary designation shall be made by notice in writing to the Veterans' Administration signed by the insured. A beneficiary designation, but not a change of beneficiary, may be made by last will and testament duly probated. \* \* \*"
§ 8.47. *Beneficiary changes.* \* \* \*
A change of beneficiary to be effective must be made by notice in writing signed by the insured and forwarded to the Veterans' Administration by the insured or

### The Issue

The issue in this case is whether the aforesaid document constituted a change of beneficiary from the wife to the mother under the statutes and regulations regulating change of beneficiaries of National Service Life Insurance.[1]

### Discussion

■ While the regulations provide that "a change of beneficiary to be effective must be made by notice in writing signed by the insured and forwarded to the Veterans' Administration", the cases are clear that this provision is for the protection of the government, and compliance therewith is not essential in determining the rights of adverse claimants where payment has not been made by the government.[2]

The numerous cases which have involved controversies between persons claiming to be beneficiaries of such policies have used different language to define the test to be used in determining whether the insured has changed the beneficiary, but all of them essentially require two steps: (1) that the beneficiary had expressed an intention to make a present change of the beneficiary

his agent, and must contain sufficient information to identify the insured. Whenever practicable such notices shall be given on blanks prescribed by the Veterans' Administration. Upon receipt by the Veterans' Administration, a valid designation or change of beneficiary shall be deemed to be effective as of the date of execution: *Provided*, That any payment made before proper notice of designation or change of beneficiary has been received in the Veterans' Administration shall be deemed to have been properly made and to satisfy fully the obligations of the United States under such insurance policy to the extent of such payments."

2. Senato v. United States, 2 Cir., 1949, 173 F.2d 493; Mitchell v. United States, 5 Cir., 1948, 165 F.2d 758, 2 A.L.R.2d 484; Gerstenlauer v. United States, D.C. E.D.N.Y.1952, 108 F.Supp. 654; Cohn v. Cohn, 84 U.S.App.D.C. 218, 171 F. 2d 828, certiorari denied 1949, 336 U.S. 962, 69 S.Ct. 892, 93 L.Ed. 1114.

named in the policy, and (2) that he had taken an affirmative step to effectuate his intention.[3]

█ The intent of the insured must be more than an indication that he prefers one person rather than another to be the beneficiary of his policy. It must be an intent to effectuate a present change of beneficiary. Thus, when the insured wrote a letter to the Veterans' Administration stating that he wished to change the beneficiary, but did not forward the letter to the Veterans' Administration, but instead sent the policy and letter to his brother for safekeeping "in case of misfortune to me", the Court held that there had been no change of beneficiary, stating that by the insured's instructions, "he kept a tight and effective control on the letters to the Veterans' Administration and thereby prevented the intent to give, which he had given expression to from becoming effective in his lifetime." Hester v. Hester.[4]

So, also, where a soldier killed while on active duty in Korea had mailed letters to his sisters stating that they would get certain designated parts of his National Service Life Insurance, these letters were deemed ineffectual to constitute changes of beneficiaries, even though the letters were admitted to probate as holographic wills. Lane v. United States.[5]

█ While a compliance with all the formalities may not be necessary to constitute a change of beneficiary of these insurance policies and slight evidence may be sufficient to show that the insured had actually changed the beneficiary, nevertheless, it is essential to determine whether the insured, by the act taken by him, expressed an intent to make a present change of beneficiary, rather than expressed merely a wish as to what might be the disposition of the proceeds after his death. In the present case, the most that can be said is that the insured intended that the document left by him should be considered as a will, and that he intended by that will to dispose of his insurance. The fact that the instrument was not executed with testamentary formalities and, therefore, was not admissible to probate does not change the decedent's intention. He was not executing a present change of beneficiary; he was executing what he considered to be a will, to become effective on his death.

Even if the instrument were a will, it would not have operated as a change of beneficiary because the regulations specifically provide that a change of beneficiary may not be made by will.[6]

But, even as an unprobated instrument, the document was nothing more than an indication that the insured desired that after his death, the insurance be paid in a certain manner. This does not evidence an intent to make a present change of beneficiary. Upon his death, the insured would have had no power to change his beneficiary, but the instrument, by its very terms, was intended to become effective only upon his death.

3. Shapiro v. United States, 2 Cir., 1948, 166 F.2d 240, 241, certiorari denied Shapiro v. Shapiro, 1948, 334 U.S. 859, 68 S.Ct. 1533, 92 L.Ed. 1779; Senato v. United States, supra; Bradley v. United States, 10 Cir., 1944, 143 F.2d 573, 576, certiorari denied 1945, 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632; McCollum v. Sieben, 8 Cir., 1954, 211 F.2d 708; Moths v. United States, 7 Cir., 1950, 179 F. 2d 824; Boring v. United States, 10 Cir., 1950, 181 F.2d 931; Kendig v. Kendig, 9 Cir., 1948, 170 F.2d 750; Mitchell v. United States, 5 Cir., 1948, 165 F.2d 758; Lane v. United States, D. C.W.D.S.Car.1953, 116 F.Supp. 606;

Farmakis v. Farmakis, 1949, 84 U.S.App. D.C. 297, 172 F.2d 291, 292, certiorari denied 1949, 337 U.S. 958, 69 S.Ct. 1535, 93 L.Ed. 1757; see also 2 A.L.R.2d 489–511 (1948) "National Service Life Insurance: Change of Beneficiary"; 54 Yale L.J. 451 (1945); Note: "Change of Beneficiary under National Service Life Insurance".

4. 5 Cir., 1948, 171 F.2d 477, 479.

5. D.C.W.D.S.Car.1953, 116 F.Supp. 606.

6. See § 8.46 of the regulations quoted in footnote, p. 4; see Hester v. Hester, supra; Lane v. United States, supra.

The Court concludes:

1. That the instrument signed by the insured did not constitute a change of beneficiary of his National Service Life Insurance from that designated therein.

2. That defendant Eve B. Pahmer is entitled to judgment directing the payment to her of the proceeds of the policy of insurance.

Settle order on two days' notice.