NEW YORK LIFE INSURANCE COM-
PANY, a corporation, Plaintiff,

v.

Leauna Mae EAGLE and Carole L. Eagle,
Defendants.

No. 1216.

United States District Court
E. D. Kentucky,
at London.

Aug. 13, 1963.

Allen, Duncan, Duncan & Arnold, John W. Morgan, Lexington, Ky., for plaintiff.

Cole & Cole, Charles G. Cole, Jr., Earl L. Cole, Barbourville, Ky., for defendant Leauna Mae Eagle.

Calvert C. Little, London, Ky., for defendant Carole L. Eagle.

HIRAM CHURCH FORD, Senior District Judge.

This is an action of interpleader by plaintiff, an insurance company, organized and incorporated under the laws of the state of New York against Leauna Mae Eagle, a citizen of the state of Kentucky, and Carole L. Eagle, a citizen of the state of Tennessee, pursuant to 28 U.S.C.A. § 1335.

The case involves the proceeds of a life insurance policy issued on October 17, 1955, by plaintiff on the life of one Russell F. Eagle in the sum of Ten Thousand Dollars ($10,000.00) with his wife Dolores E. Eagle designated as "Beneficiary, subject to change", which was changed first on February 14, 1957, and again on March 11, 1959, and in both instances the insured's mother, the defendant Leauna Mae Eagle, was designated as the beneficiary of the policy.

In October 1960 the insured Russell F. Eagle and the defendant Carole L. Eagle were married and they thereafter lived together in the housing area at Sewart Air Force Base at Smyrna, Tennessee, until he was sent to the Sewart Air Force Hospital on February 26, 1962. He was then sent from there to the Scott Air Force Hospital in Illinois, and after a short time he was removed to a hospital at Lackland Air Force Base in Texas where he died on April 6, 1962. He left surviving him his widow, the defendant Carole L. Eagle, his young son, Russell, Jr., and his mother, the defendant Leauna Mae Eagle. The defendant Carole L. Eagle will hereinafter be referred to as "widow" and the defendant Leauna Mae Eagle as "mother".

The mother and widow of the insured asserted conflicting claims to the whole of the proceeds of the policy which amounted to $9,330.49; thereupon the insurance company instituted this proceeding. The company disclaimed any interest in the proceeds of the policy and paid the amount thereof into the Registry of the Court, there to abide the judgment of the Court.

On June 3, 1963, the case was tried to the Court without the intervention of a jury. Over objections by counsel for the respective parties, both claimants were permitted to testify for themselves concerning statements of and transactions with the deceased, and as to acts done and omitted to be done by him. This testimony was permitted, however, upon the statement of the Court that such of their testimony as might be found incompetent would be disregarded upon the Court's consideration of the case.

The Court has found much of the testimony by the parties was incompetent under K.R.S. § 421.210, and it is entirely

disregarded.[1] The result is there is no testimony to support the widow's claim that, after her marriage to the insured, the mother was ever requested to return the policy to the insured or that she fraudulently refused to do so. The widow's claim as to fraud on the part of the mother is not supported by competent evidence and is dismissed for lack of proof.

The widow's claim to the entire proceeds rests upon the provisions of a nuncupative will of the insured which appears to have been admitted to probate by a County Court of the state of Tennessee.

This document was entirely nuncupative and consists only of the affidavits of the doctor and nurse who attended the insured during the short period he was in the Texas hospital in reference to statements of the insured indicating his wish to change the beneficiary of his insurance policy from his mother to his widow.

■ The claim asserted on behalf of the widow that under the law of Tennessee this nuncupative document is effective to bring about change of the beneficiary of the will of the deceased-insured is in conflict with the law of Kentucky, for this is a diversity of citizenship case (§ 1335(1), 28 U.S.C.A.) involving only the remedy sought by adverse claimants of diverse citizenship and the law of Kentucky is controlling.

In Klaxon Co. v. Stentor Co., 313 U.S. 487, 496, 498, 61 S.Ct. 1020, 1021–1022, 85 L.Ed. 1477, the Supreme Court makes it clear that, in diversity of citizenship cases, the Federal Courts, when deciding questions of conflict of laws, must follow the rules prevailing in the states in which they sit, and further stated:

" * * * Nothing in the Constitution ensures unlimited extra territorial recognition of all statutes or of any statute under all circumstances. Pacific Employers Insurance Co. v. Industrial Accident Comm'n., 306 U.S. 493 [59 S.Ct. 629, 83 L.Ed. 940]; Kryger v. Wilson, 242 U.S. 171 [37 S.Ct. 34, 61 L.Ed. 229]. The full faith and credit clause does not go so far as to compel Delaware to apply § 480 if such application would interfere with its local policy."

Under the laws of Kentucky in respect to the decision of questions of conflict of laws, the rule seems to be that "all that pertains merely to the remedy will be controlled by the law of the state where the action is brought", Louisville & N. R. Co. v. Burkhart, 154 Ky. 92, 96, 157 S.W. 18, 46 L.R.A.,N.S., 687; Louisville & N. R. Co. v. Whitlow's Adm'r, 114 Ky. 470, 43 S.W. 711, 41 L.R.A. 614.

■ The prevailing law of the state of Kentucky is clearly set out in Owens v. Owens, 305 Ky. 460, 461, 204 S.W.2d 580, 581, in which it is said: "Unless permitted by the terms of the policy, no insured may change the beneficiary by a will even though the contract reserved the right to change the beneficiary, the mode prescribed in the policy being the exclusive method." To the same effect are the holdings of the Kentucky Court of Appeals in Parks' Ex'r v. Parks, 288 Ky. 435, 156 S.W.2d 480, and Quinlan v. Quinlan, 293 Ky. 565, 570, 169 S.W.2d 617.

The insurance contract filed as Exhibit "A" with the Amended Answer and claim of defendant Leauna Mae Eagle on October 26, 1962, provides:

"3. Change of Beneficiary.

"While the insured is living, the Owner can change the beneficiary from time to time by written notice

---

1. Since neither claimant ordered a transcript of the testimony, such transcript was procured for the use of the Court (28 U.S.C.A. § 753). The testimony of the widow which the Court found incompetent and which was disregarded are answers to the following numbered questions: 15, page 13; 16, p. 13; 17, p. 13; 48, p. 22; 50, p. 24; 51, p. 25; 52, p. 25; 53, p. 26; 57, pp. 26–7; 95, pp. 36–7; 96, p. 37; 98, pp. 37–8; 1, p. 46; 2, p. 47; 5, p. 47; 6, p. 47; 7, pp. 47–8; the testimony of the mother, which was likewise disregarded for the same reason, are the answers to questions 11 to 36, inclusive, pp. 80–86.

in form satisfactory to the Company. No such change will take effect unless recorded by the Company at its Home Office. However, upon being so recorded any such change will take effect as of the date the notice was signed, whether or not the insured is living when the change is recorded, subject to any payment made or other action taken by the Company before such recording."

In the Parks case, supra, it is said:

" * * * Where no steps are taken to comply with the method the mere expressed purpose to do so is but an unexecuted intention and accomplishes nothing. Spurlock v. Spurlock, 271 Ky. 70, 111 S.W.2d 443. Furthermore, it is agreed that in this jurisdiction a substantial compliance with the formalities or terms of the provisions is sufficient."

The problem is to determine from this record whether the insured, while he was living, did substantially comply with the provisions of the contract by written notice to the company of his desire to change the beneficiary.

There is filed in the record as Exhibit No. 2, a document entitled "Agreement Regarding Loss or Destruction of Policy Number 25 553 210 on the life of Russell F. Eagle". It is undisputed that the number referred to in this document is the same as the number of the original policy issued on the life of Russell F. Eagle on October 17, 1955. This agreement bears the signature of Russell F. Eagle, the Insured. It also bears the signature of his wife, Carole F. Eagle, upon two lines and under each line bearing her signature is the word "Beneficiary". The next line bears the signature of Leauna Mae Eagle, his mother, under which is the word "Beneficiary". The printed terms of the Agreement are as follows:

"The undersigned, being all the adult persons interested in the above policy, hereby represent to the New York Life Insurance Company that the answers to questions numbered 1 to 5, inclusive, are true to the best of our knowledge and belief.

"In consideration of the issue of a corresponding policy to replace the above numbered policy (or if a cash value or maturity settlement is desired, the waiver of the requirement that the original policy be surrendered in connection with such settlement) the undersigned hereby release to said New York Life Insurance Company all our right, title and interest in and to said original policy, authorize and request said Company to cancel the same upon its books and records, and for ourselves, our heirs, executors, administrators and assigns jointly and severally agree to indemnify and save the Company harmless from all loss, damage, trouble and expense by reason thereof, and further agree to return said original policy to said Company if it ever shall be found."

It appears that this signed agreement was duly filed with the company at its home office in 1961, while the insured was living, and the company mailed a substituted policy to the insured.

█ I am of the opinion that this document filed with the company by the insured describing both his wife and mother as "beneficiaries" is a plain indication of the desire and intention of the insured that his wife and mother be joint beneficiaries of his insurance policy. It is sufficient to constitute substantial compliance with the terms of the policy.

Let judgment be entered in conformity herewith with directions to the Clerk of the Court to pay from the fund deposited in the Registry of the Court the taxable costs herein, including the fee of Fifty Dollars ($50.00) allowed counsel for Plaintiff, and to pay the remainder to the defendants, Leauna Mae Eagle and Carole L. Eagle, in equal shares.