RENDERED:  MAY 24, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2023-CA-0912-MR

ESTATE OF PAMELA FINLEY AND
ILSE DEHNER                                                    APPELLANTS


|       | APPEAL FROM FAYETTE CIRCUIT COURT |
|-------|-----------------------------------|
| v.    | HONORABLE DIANE MINNIFIELD, JUDGE |
|       | ACTION NO. 23-CI-00659            |


WILLIAM C. ALLEN, II; INGRID
ALLEN; AND MORGAN STANLEY
SMITH BARNEY, LLC                                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND L. JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  The Estate of Pamela Finley and Ilse Dehner

("Appellants") appeal from an order of the Fayette Circuit Court granting a

declaratory judgment in favor of William C. Allen, II, Ingrid Allen, and Morgan

Stanley Smith Barney, LLC ("Appellees").  Appellants argue that the declaratory

judgment was not supported by the law of New York nor the law of Kentucky, and

that the decedent, Pamela Finley, substantially complied with the requirements to revoke one beneficiary and designate two other beneficiaries of her investment accounts. After careful review, we conclude that the Fayette Circuit Court properly determined that Ms. Finley did not substantially comply with the requirements necessary to revoke and designate the beneficiaries. Accordingly, we affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On January 19, 2022, Ms. Finley designated her grandson, William C. Finley, II, ("William"), as the sole beneficiary of her Transfer on Death ("TOD") and retirement plan accounts (collectively referred to as "the accounts") held by the investment firm Morgan Stanley Smith Barney ("Morgan Stanley"). The beneficiary designation was accepted by Morgan Stanley after Ms. Finley completed the proper paperwork and it was received by Morgan Stanley per the terms of the TOD agreement.

On May 9, 2022, Ms. Finley emailed her Morgan Stanley financial advisor, Rick Morgan ("Mr. Morgan"), seeking to revoke William's designation as sole beneficiary, and designating in his place her daughters Ingrid Allen ("Ingrid") and Ilse Dehner ("Ilse") as beneficiaries. Mr. Morgan attempted to contact Ms. Finley to discuss her request, but was unsuccessful. Ms. Finley died three days

later on May 12, 2022, having not submitted the TOD beneficiary designation form to Morgan Stanley.[1]

Ilse was designated as executrix of Ms. Finley's estate. She presented a proposed final settlement to the Scott County probate court, in which she designated herself and Ingrid as beneficiaries of Ms. Finley's Morgan Stanley accounts. According to her counsel, she did this to carry out her mother's wishes as evinced in Ms. Finley's email to Mr. Morgan.

As a result, Ingrid and William filed the instant action in Fayette Circuit Court against Ilse, the estate, and Morgan Stanley seeking a declaration of rights. They asserted in relevant part that Ms. Finley's apparent attempt to change the beneficiaries on her account was not successful because she did not comply with Morgan Stanley's requirement that a change of beneficiary form must be properly submitted and received before it is given effect. Ilse counterclaimed, arguing that Morgan Stanley breached its contract with Ms. Finley by failing to carry out her request to change the beneficiaries.

The matter proceeded in Fayette Circuit Court, culminating in the order granting William and Ingrid's motion for a declaratory judgment. The court ruled in relevant part that Morgan Stanley had specific requirements to change

---

[1] Ms. Finley's precise date of death is not known. She died sometime after she sent the email to Mr. Morgan on May 9, 2022, and before her body was discovered at her home on May 12, 2022. The death certificate shows her date of death as May 12, 2022.

beneficiaries; that Ms. Finley was aware of those requirements and had complied with them when designating beneficiaries in the past; that her email to Mr. Morgan did not substantially comply with the requirements; and, that the failure to comply resulted in William remaining as beneficiary at the time of Ms. Finley's death. Appellants' counterclaim was stayed by way of an order entered on September 19, 2023, pending the resolution of the instant appeal. Appellants' appeal from the September 19, 2023 order was dismissed via an order of this Court entered on December 8, 2023. Appellants now appeal from the order granting Appellees' motion for a declaratory judgment.

## STANDARD OF REVIEW

"The standard of review on appeal from a declaratory judgment is whether the judgment was clearly erroneous." *Public Service Commission of Kentucky v. Metropolitan Housing Coalition*, 652 S.W.3d 648, 651 (Ky. App. 2022), *review denied* (Oct. 12, 2022) (citation omitted). A judgment "supported by substantial evidence" is not "clearly erroneous." *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998). Substantial evidence is defined as "evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable men." *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972) (citation omitted).

-4-

## ARGUMENTS AND ANALYSIS

Appellants argue that the Fayette Circuit Court erred in granting the motion for a declaratory judgment in favor of Appellees. They assert that Ms. Finley's agreement with Morgan Stanley constitutes a contract, and that she substantially complied with the requirements of that contract when she emailed Mr. Morgan a request to change the beneficiaries of her accounts. Ms. Finley's email to Mr. Morgan stated,

> I know I did a knee gerk [sic] thing. But need you and Penny to redo my stuff. Please go back to all my Morgan Stanley things to go back to being split to both daughters. Just can't do it to my kids. For many reasons. Of course, my grandson will get his mothers [sic]. Gave $5000 to Ingrid for a b day gift. She wouldn't accept it. Gave it to her son, Beau. He and I have a great relationship. But when I'm dead, just want both girls to split the money. I will never ask again I promise.

In order to complete a change of beneficiary, Morgan Stanley requires the submission of a completed Transfer on Death beneficiary designation form. The form is not given effect until it is received by Morgan Stanley. Appellants acknowledge that Ms. Finley never completed nor submitted the form prior to her death.

Appellants direct our attention to various Kentucky cases involving the change of insurance policy beneficiaries – as opposed to investment account beneficiaries – which they argue are applicable to the facts before us. Appellants

note that *Haste v Vanguard Group, Inc.*, 502 S.W.3d 611, 615 (Ky. App. 2016), for example, recognized that "Kentucky takes a liberal view of compliance with the policy's change of beneficiary requirements[.]" *Haste* and the other cases cited broadly hold that an insurance policy owner has substantially complied with change of beneficiary requirements when the insured has "done all he could do under the circumstances; all he believed necessary to effect the change or what the ordinary layman would believe was all that was necessary to accomplish the change." *Id.* (internal quotation marks and citation omitted). Appellants argue that Ms. Finley did all she could to change the beneficiaries prior to her death.

Even if these insurance cases are applicable to the instant facts, Ms. Finley did not do all she believed was necessary to accomplish the change in beneficiaries prior to her death. Though she initiated the process of changing beneficiaries via her email to Mr. Morgan, Ms. Finley had previously changed the beneficiary to William and was fully aware that a properly completed and submitted TOD beneficiary designation form was necessary to effectuate the change. She had submitted this form when previously changing the beneficiaries from Ingrid and Ilse to William. *Haste* and the other cases cited by Appellants do not demonstrate that Ms. Finley substantially complied with the requirements necessary to bring about the change in beneficiaries she discussed in her email to Mr. Morgan.

In granting Appellees' motion for a declaratory judgment, the Fayette Circuit Court found as a matter of law that the TOD account is governed by the express terms of the TOD agreement. That agreement expressly requires an account owner to complete a TOD beneficiary designation form to change the designated beneficiary.

The circuit court went on to find that the doctrine of substantial compliance did not save Ilse's claim to the accounts. In *Hill v. Union Central Life Insurance Company*, 513 S.W.2d 808 (Ky. App. 1974), upon which Appellants rely, an insurance policy holder completed the requisite change of beneficiary forms but did not deliver them to the insurance company. A panel of this Court held that the policyholder did not substantially comply with the terms of the policy since he understood the procedural requirements to effectuate a change of beneficiary, but nevertheless failed to complete the necessary steps. *Id.* at 809.

The circuit court also cited New York law, apparently because Morgan Stanley is headquartered in New York state.[2] In *Lincoln Life and Annuity Co. v Caswell*, 31 A.D.3d 1, 7, 813 N.Y.S.2d 385 (N.Y. App. Div. 2006), the New York appellate court held that an insured's testamentary disposition of her life insurance policy in her will did not substantially comply with the policy's

---

[2] The effect of New York law on the matter at bar, if any, was not addressed by the Fayette Circuit Court.

requirements for changing a beneficiary. The court noted that although the disposition in her will could constitute evidence of her subjective intentions, the making of the will was not enough to comply with the policy's procedures. Further, the insured had twice followed the procedures for changing a beneficiary prior to executing her will, and was therefore familiar with how to properly change a beneficiary. The Fayette Circuit Court found that in similar fashion, Ms. Finley had not followed Morgan Stanley's procedure for changing beneficiaries, and as with the will in *Caswell*, *supra*, her email did not bring about a change in beneficiaries.

## <u>CONCLUSION</u>

Based on the record and the law, we conclude that the Fayette Circuit Court properly granted Appellees' motion for a declaratory judgment in their favor. Though Ms. Finley expressed her intention to change the beneficiaries of her accounts, that intention never reached fruition via the completion and submission of the TOD beneficiary designation form. There is no basis in the law for concluding that Ms. Finley's email to Mr. Morgan constituted substantial compliance with the procedure required for a change of beneficiaries. As such, William was the beneficiary of Ms. Finley's accounts at the time of her death, and the Fayette Circuit Court properly so found. For these reasons, we find no error,

and affirm the order of the Fayette Circuit Court granting a declaratory judgment in favor of Appellees.

ALL CONCUR.


BRIEF FOR APPELLANTS:

Edward L. Yancy
Lexington, Kentucky

BRIEF FOR APPELLEES WILLIAM ALLEN, II AND INGRID ALLEN:

Jon A. Woodall
Scott A. Schuette
Lexington, Kentucky

BRIEF FOR APPELLEE MORGAN STANLEY SMITH BARNEY, LLC:

Jesse R. Lipcius
Kyle D. Greene
Cincinnati, Ohio